### DILLING *v.* DRAEMEL.

(*Common Pleas of New York City and County, General Term.*　April 7, 1890.)

INSURANCE—LIABILITY OF THIRD PERSON—RELEASE.

　　Plaintiff insured his furniture and household goods against loss by fire or collapse of building. The building collapsed in consequence of an excavation made by his landlord on an adjoining lot, and plaintiff sued the landlord for the loss, *inter alia*, to his goods and merchandise. The action was settled by the landlord paying a sum of money to plaintiff, who executed a release under seal against all claims and demands whatsoever, and sued the insurance company for the proportion of his loss above such amount. *Held*, that the insurance company was released to the full extent to which the landlord was released.

Appeal from trial term.

Action by Karl Dilling against William Draemel, to recover on a certificate of fire insurance. Plaintiff recovered a judgment, from which defendant appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*S. Sultan,* for appellant.　*Shorter & Schaffer,* for respondent.

LARREMORE, C. J.　The plaintiff held a certificate as a member of a voluntary association, insuring his furniture and household goods against loss "either immediate, through fire, explosion, or collapse of building, or mediate, through water in extinguishing fire." Subsequently the easterly wall of the house he occupied fell, in consequence of an excavation made upon the adjoining lot. Plaintiff in the first instance claimed that his landlord was liable to him in tort as a wrong-doer by reason of the falling of the wall, and brought an action against him to recover damages for the loss, among other things, to his goods, merchandise, and other property. That action was settled in consideration of $300, paid by his landlord to the plaintiff, whereupon he executed and delivered to the latter a general release under seal against all claims, dues, and demands whatsoever. Thereafter he brought this action to recover that proportion of his loss over the amount of $300, claiming that he had a discretion at his own pleasure to apportion such loss. He recovered a judgment, from which this appeal is taken. The case was decided in the court below upon the theory that the plaintiff had not received all the damages sustained by him from the wrong-doer, and that, although he had absolutely released the wrong-doer, such action might be maintained. It is well settled that, if a loss under a policy of insurance is occasioned by the wrongful act of a third party, the insurer occupies the position of a mere surety, and the wrong-doer that of a principal debtor; and all the incidents of suretyship attach to the position of the underwriter in such a case, including the right of subrogation. *Hall* v. *Railroad Cos.,* 13 Wall,. 367, 373. The same principle is applicable to a contract of insurance, if the surety destroys the remedy of subrogation, and relieves the assurer to the full extent to which the wrong-doer could have been made liable for the loss. Sheld. Subr. § 222; *Insurance Co.* v. *Storrow,* 5 Paige, 285. Both parties rely on the case of *Connecticut Fire Ins. Co.* v. *Erie R. Co.,* 73 N. Y. 399. A careful examination of that case shows that it is an authority against the ruling of the court below. That action was brought by an underwriter to recover from the Erie Railroad Company, under the right of subrogation, the amount paid by the underwriter to the assured. A release was given by the assured to the company, which was not absolute in terms, as is the release in this case. The release in the case contained a statement that the settlement did not include any claim the assured had against the underwriter, and the court held that, because of that reservation, the right of subrogation of the underwriter was preserved as against the railroad company, and that the release was limited, and by its terms preserved the rights of the insured to collect what the insurance company owed him. The release in this case is a general release with-

out any such reservation, and the $300 paid cannot be considered as a payment *pro tanto* for the loss. Such a release destroyed the right of subrogation. If the assured, by his own act, absolutely and without reservation releases the wrong-doer, he thereby discharges the insurer to the full extent to which he has defeated the insurer's remedy over by right of subrogation. *Insurance Co.* v. *Storrow, supra; Carstairs* v. *Insurance Co.*, 18 Fed. Rep. 473. The judgment appealed from should be reversed, with costs.

BISCHOFF, J., concurs.