[No. 7944]

WEAVER v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY.

INSURANCE—*Insurer's Right of Subrogation*—The insurer who indemnifies the assured with full knowledge of an antecedent adjustment between the assured and the party causing the injury, cannot recover from the insured under the subrogation clause of the policy.

*Error to Denver District Court.*—Hon. JAMES H. TELLER, Judge.

Messrs. GARWOOD and GARWOOD, and Mr. JACOB V. SCHAETZEL, for plaintiff in error.

Mr. WILLIAM J. MILES, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

Plaintiff below, an insurance company, brought suit against the defendant in the district court, alleging, in substance, that on or about June 4th, 1909, it delivered to the defendant, for certain considerations therein men-

tioned, an insurance policy covering loss from breakage of certain glass in a building owned by him, situate at number 1421 Arapahoe street, Denver; that aside from nine dollars paid as premium thereon, there was a further consideration contained therein of subrogation, on demand, of all rights and equities of the assured against any party or parties causing or liable for any damage or loss covered by the policy; that thereafter, while the policy was in full force and effect, a third party made an excavation on a lot immediately adjoining defendant's lot and building, causing his building to collapse, thereby breaking and destroying, among other things, the glass insured by the policy; that defendant made claim against the wrongdoer, in pursuance of which it paid him $1,000, which he accepted in full satisfaction of all damage to his property, and made and delivered to the wrongdoer a complete release in writing; that plaintiff made good the loss and damage by replacing the glass destroyed, according to the terms of its contract, at a cost to itself of $143.15; that it made demand of defendant for that much of the money so received from the wrongdoer, which he refused to pay, wherefore it prays judgment for that amount with interest. A demurrer was interposed and overruled. Defendant, answering, admitted the contract and settlement as alleged, but set up as new matter that the actual damage to his property was in excess of $5,000, and that the $1,000 was accepted from the wrongdoer to avoid litigation, and did not include the glass covered by the policy; that plaintiff, fully advised of the settlement and release between himself and the wrongdoer, voluntarily replaced the glass destroyed; that plaintiff did not make demand for a subrogation until about eighteen months after the damage occurred, having knowledge of the antecedent settlement, whereupon a subrogation receipt was assigned and delivered to it. On motion, judgment was entered on the pleadings,

against defendant in the sum of $153.25. The only evidence submitted was proof of corporate capacity, to which no objection was made. A motion for new trial was overruled. Defendant brings the cause here on error.

Did the court below commit error in granting the motion for judgment on the pleadings? The answer avers that the plaintiff company, in replacing the glass, did so with full knowledge of the antecedent settlement between defendant and his tort-feasor. This averment was not denied. The law applicable to these facts is clear. The company's capacity under its contract was simply to indemnify for loss covered by it. As a general rule, recovery by the insured from the third party releases the insurer from liability. 19 Cyc. 893-894. In *Dilling v. Draemel,* 16 Daly 104, 9 N. Y. Supp. 497, involving a similar state of facts, this was said:

"It is well settled that, if a loss under a policy of insurance is occasioned by the wrongful act of a third party, the insurer occupies the position of a mere surety, and the wrongdoer that of a principal debtor; and all the incidents of suretyship attach to the position of the underwriter in such a case, including the right of subrogation. The same principle is applicable to a contract of insurance if the assured destroys the remedy of subrogation, and relieves the assurer to the full extent to which the wrongdoer could have been made liable for the loss."

And *Peckham v. German Fire Insurance Co.,* 91 Md. 515, 46 Atl. 1066, 50 L. R. A. 828, 80 Am. St. 461, approving *Dilling v. Draemel, supra,* held that there could be no recovery on an insurance policy where the assured had been indemnified by the person causing the injury, since by settling with the tort-feasor the insurer's right of subrogation was destroyed.

"The liability of the wrongdoer is, in legal effect, first and principal, and that of the insurer secondary, not in order of time, but in order of ultimate liability." May, Insurance, § 454.

Under the authorities, and in the light of reason, an insurer who undertakes to indemnify the assured, with full knowledge of an antecedent settlement between him and the party causing the injury, does so at its peril, is a mere volunteer and can not recover of the insured under the subrogation clause of the contract, because the right to subrogation, under such circumstances, has been destroyed.

The complaint stated a cause of action, but a good defense was tendered when the answer alleged knowledge before indemnifying defendant, on the part of plaintiff, of the former's settlement with the wrongdoer, and since there was no issue on this alleged fact, the court erred in rendering judgment for plaintiff on the pleadings. It must be reversed and the cause remanded, with leave to plaintiff to reply to the answer, if he shall be so advised.

*Judgment reversed and cause remanded.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.