THE FRANKLIN FIRE INSURANCE COMPANY OF PHILA-
DELPHIA, Plaintiff, *v.* EMANUEL WEINBERG and JULIUS
WEINBERG, Defendants.

(Municipal Court of the City of New York, Borough of Manhattan,
First District, August, 1919.)

Insurance — policy of, violated by delivery of a general release —
assignments — landlord and tenant — subrogation.

Upon payment of a claim for damages to their property caused by a sprinkler leakage covered by insurance, the defendants assigned and transferred to the insurance company all their and each of their claims and demands arising out of or connected with said loss to the extent of such payment, and thereafter without the knowledge or consent of the insurer, upon payment of a certain claim for damages caused by the same sprinkler leakage, delivered to their landlord a general release discharging it from all claims whatsoever, without reservation of the claim previously assigned to the insurance company.  In an action by the insurance company to recover the amount paid by it to defendants under the policy of insurance, *held,* that while the general release given by the defendants to their landlord barred plaintiff's claim and destroyed its right of subrogation the defendants, by the assignment of their claim to the plaintiff, violated the policy of insurance by delivering the general release and the plaintiff was entitled to judgment.

ACTION by insurance company to recover a certain amount paid by it to defendants under a policy of insurance.

Goldstein & Goldstein (David Goldstein and Alex Davis, of counsel), for plaintiff.

Joseph J. Jacobs, for defendants.

LYNN, J. This action, submitted on an agreed statement of facts, is brought by the plaintiff insurance company to recover from the defendants $236.01 paid by it to the defendants under a policy of insurance issued by the plaintiff to the defendants, indemnifying them for damages sustained by reason of a sprinkler leakage loss to their property at premises Nos. 43–47 West Twenty-fourth street, Manhattan. While the policy was in full force the defendants made claim against the plaintiff for damages in the sum of $236.01 by reason of a sprinkler loss which occurred on January 3, 1918, and filed with the plaintiff proofs of loss under the terms of the policy.

The policy provides, and the defendants concede, that the plaintiff was subrogated to the extent of such payment to the defendants' right of recovery against any person for the loss resulting from such sprinkler leakage. Upon the payment of the sum of $236.01 the defendants assigned and transferred in writing to the plaintiff " all their and each of their claims and demands against any person, persons or property arising from or connected with said sprinkler loss or damage to the extent of said sum."

On February 21, 1918, the defendants wrote to the Metropolitan Life Insurance Company, the landlord of the said premises, claiming damages, including loss due to sprinkler bursting, caused by the landlord's

Municipal Court of New York, August, 1919.    [Vol. 108.

failure to supply heat, which it was obligated to do under its lease with the defendants.

In the month of September, 1918, the landlord paid to the defendants the sum of $394.90 and received in exchange an instrument in writing containing a general release, absolute in terms. Attached to the release was a copy of the defendants' letter of February twenty-first, in which the defendants wrote as follows: " Another loss, for example, due to the cold temperature in our place, was caused by the sprinkler pipe bursting in our dress stock room and flooding the entire floor and part of the sixth floor and damaging over $500 worth of our dresses.''

The defendants concede that their acts in releasing and discharging the landlord were made without the knowledge or consent of the plaintiff.

The action is brought by the plaintiff to recover the sum of $236.01, claiming that the delivery of the general release by the defendants to the landlord destroyed the plaintiff's right of subrogation, both under the policy and the written assignment signed by the defendants. The defendants, on the other hand, while conceding plaintiff's right to subrogation, contend that the plaintiff must prove both the negligence and legal responsibility of the landlord, and also hold that the general release does not destroy plaintiff's right of subrogation as against the landlord.

The defendants in their letter to the landlord, which is incorporated in the general release, complained that they were suffering on account of heatless days, having previously requested heat from the landlord, and in the same letter they claim that the sprinkler pipe burst, due to the cold temperature, causing great damage to their dresses. The defendants themselves having claimed that the landlord was responsible for the sprinkler leakage due to the lack of heat cannot at

this time be heard to dispute the landlord's negligence and legal responsibility. After making such complaint to the landlord, the defendants delivered to it a general release discharging the landlord from all claims whatsoever, without reservation of the claim which the defendants had previously assigned to the plaintiff.

The delivery of this general release by the defendants to the landlord barred plaintiff's claim and destroyed its right of subrogation. *Dilling* v. *Draemel,* 9 N. Y. Supp. 497; *Bloomingdale* v. *Columbia Ins. Co.,* 84 id. 572; *Thomas* v. *Montauk Fire Ins. Co.,* 43 Hun, 218; *Insurance Co.* v. *Storrow,* 5 Paige, 285; *Carstairs* v. *Mechanics' & Traders' Ins. Co.,* 18 Fed. Repr. 473. These cases clearly hold that the delivery of a general release without reservation to the party responsible for the damages is a violation of the provision of the policy of the insurance company, relieving the company from payment.

In *Dilling* v. *Draemel* the assured's property was destroyed by collapse of a building due to an excavation by his landlord on an adjoining lot. After suit was brought by the assured against his landlord for the loss, amongst others, to his goods and merchandise, the action was settled and the assured delivered a release to the landlord against all claims and demands whatsoever. Thereafter the assured sued the insurance company for the proportion of his loss above the sum received from the landlord, and the court held, that the insurance company was released, the assured having defeated the insurance company's right of subrogation.

In the *Bloomingdale Case, supra,* where a release had been delivered to a carrier, the wrongdoer, the Appellate Term of this department held that the assured could not excuse its act in delivering such

release by the attempt to show that the fire in transit was of an incendiary origin, for which the carrier was not liable, even if not released. And further said " that the question of the carrier's liability was something which the defendant, when subrogated, was entitled to litigate with the carrier, and the question was concluded against the defendant by the release given in violation of the condition agreed to by the insured. " It seems that the case cited is clearly in point with the facts in the present case.

The defendants, having assigned their claim to the plaintiff insurance company, violated the policy in delivering to the landlord an absolute general release, after having claimed that the landlord's negligence in not supplying sufficient heat caused the sprinkler loss.

The authorities cited by the defendants in support of assured's contention that the general release does not destroy the plaintiff's right of subrogation as against the landlord seem to point out that the negligent parties in those cases had actual notice and knowledge of the insurance company's subrogation assignment, which distinguishes them from the case at bar.

The defendant's violation of the provision of the contract of insurance with respect to subrogation barred the plaintiff's claim against the landlord and destroyed plaintiff's subrogation rights.

Judgment is accordingly rendered for the plaintiff against the defendant as demanded, $236.01.

Judgment accordingly.