THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA, Appellant, *v.* EMANUEL WEINBERG and JULIUS WEINBERG, Respondents.

First Department, May 27, 1921.

Insurance — subrogation of insurer to rights of insured against third person — general release by insured to third person — insurer cannot recover from insured in absence of showing that third person was liable for loss.

An insurance company cannot recover from the insured the amount it paid to him for damage caused by the leakage of a sprinkler on the ground that the insured had given a general release to the landlord and thereby prevented the insurer from asserting its subrogatory rights against the landlord, where the settlement between the insured and the landlord did not include damages caused by the leakage and there is no proof that the landlord was guilty of any negligence or had breached any contract that it had with the insured.

APPEAL by the plaintiff, The Franklin Fire Insurance Company of Philadelphia, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 10th day of March, 1920, reversing a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff, and dismissing the complaint on the merits.

*Alex Davis* of counsel [*David Goldstein* and *Aiken A. Pope* with him on the brief; *Goldstein & Goldstein,* attorneys], for the appellant.

*Samuel Brand* of counsel [*I. Maurice Wormser* with him on the brief; *Samuel Brand,* attorney], for the respondents.

MERRELL, J.:

The action is brought by the Franklin Fire Insurance Company of Philadelphia to recover of the defendants Emanuel Weinberg and Julius Weinberg the sum of $236.01. The complaint alleges that on or about the 21st day of March, 1917, the plaintiff issued a policy of insurance to the defendants wherein and whereby the plaintiff agreed to indemnify the

defendants from any damage sustained by reason of sprinkler leakage; that thereafter and on or about the 3d of January 1918, the defendants sustained damages as the result of sprinkler leakage, and that the defendants filed proof of loss and plaintiff paid the defendants the aforesaid sum of $236.01. The complaint then alleges that the policy of insurance provided that upon payment of the loss the plaintiff should be subrogated to the extent of such payment to the defendants' right of recovery against any person for the loss resulting therefrom, and that the defendants after the settlement duly assigned to the plaintiff all such rights of subrogation. The complaint then states that after the aforesaid settlement the defendants made claim against the Metropolitan Life Insurance Company for damages arising out of and connected with the said sprinkler loss, and that after making such claim the Metropolitan Life Insurance Company of New York paid to the defendants the sum of $394.90, and that in consideration of such payment the defendants released and discharged by an instrument in writing the said Metropolitan Life Insurance Company from any and all claims and demands arising from or connected with the said loss and from any and all claims and demands whatsoever, and that the acts of the defendants in so releasing and discharging the said Metropolitan Life Insurance Company were made without the knowledge or consent of the plaintiff and were in violation of the provisions of the said assignment and in violation of the plaintiff's subrogatory rights, and that by reason of such facts the plaintiff had suffered damages in the sum of $236.01. Nowhere in the complaint is it alleged that the Metropolitan Life Insurance Company was negligent and that such negligence caused the loss, nor is it stated that the Metropolitan Life Insurance Company had become liable to the defendants for the loss sustained by reason of any breach of contract. Although the opinions in both courts (See 108 Misc. Rep. 500; 110 id. 644) are devoted to consideration of the question of negligence and the question of whether or not the general release prevents a recovery by the plaintiff from the Metropolitan Life Insurance Company, it seems to me that the gravamen of the complaint is based upon the breach of the policy by the defendants in that the defendants, by giving the aforesaid gen-

eral release, have deprived the plaintiff of its subrogatory rights. The Appellate Term has held that the plaintiff has wholly failed to show that the Metropolitan Life Insurance Company was guilty of any negligence or that such company had breached any contract with the defendants which resulted in the sprinkler leakage. In this respect I think that the learned Appellate Term is correct. The case was submitted to the court on an agreed statement of facts substantially in accord with the allegations of the complaint, except that it is not conceded that the defendants are liable to plaintiff in any way or that the general release was given in violation of the plaintiff's subrogatory rights.

It is claimed by the appellant, I think, without justification, that the aforesaid claim made by the defendants against the Metropolitan Life Insurance Company included the claim for loss and damage alleged to have been sustained by the aforesaid sprinkler leakage. In support of such claim the appellant relies upon a letter written by the defendants under date of February 21, 1918, to Messrs. Heil & Stern, the agents of the Metropolitan Life Insurance Company, defendants' landlord. This letter refers at length to conversations and negotiations had between the parties respecting the claim of the defendants for damages resulting from the failure of the Metropolitan Life Insurance Company to properly heat that portion of the leased premises occupied by the defendants. The letter states that it was necessary for the defendants to install radiators; that there had been at least thirteen heatless days when the employees of the defendants could not work or could only work a part of the time, and that inclosed with the letter was the defendants' claim. The letter contained the following statement: "Another loss, for example, due to the cold temperature in our place, was caused by the sprinkler pipe bursting in our dress stock room and flooding the entire floor and part of the 6th floor, and damaging over $500 worth of our dresses."

It is claimed by the appellant and was held by the Municipal Court that the defendants cannot now be heard to say that the damages caused by the bursting sprinkler was not the result of the negligence of the Metropolitan Life Insurance Company and that without question the general release

covered such damages.    It is quite clear to me that in any
view of the case the general release did, in fact, cover all claims
which the defendants had or might claim to have against the
Metropolitan Life Insurance Company, whether such claims
were for damages resulting from the lack of heat or from any
other cause, and that the Metropolitan Life Insurance Com-
pany, so far as the defendants were concerned, was entirely
released and discharged from any and all liability.    It, there-
fore, follows that such general release would actually prevent
the plaintiff from recovering any sum from the Metropolitan
Life Insurance Company upon the theory of subrogation or
otherwise.    Inclosed with the aforesaid letter of February 21,
1918, was the itemized claim of the defendants against the
Metropolitan Life Insurance Company.    This claim does not
in any way mention any loss or damage claimed to have been
suffered by the defendants by reason of the bursting sprinkler
pipe.    It is, therefore, apparent from the facts stipulated that
no part of the money which was paid by the Metropolitan
Life Insurance Company did actually cover the claim for
damages arising out of the bursting sprinkler.    The sum paid
by the Metropolitan Life Insurance Company, which was,
as aforesaid, $394.90, is exactly the amount claimed by the
defendants to have been paid out by them for installing
heaters, as shown by their claim.    So that it appears from the
stipulated facts that the claim was adjusted on the theory
that the Metropolitan Life Insurance Company was liable
to pay the defendants their actual expense by reason of the
installation of heaters to furnish heat during the period when
the Metropolitan Life Insurance Company had failed to heat
defendants' premises.    Such being the case, there is no fact
stipulated which proves or tends to prove, either by way of
direct proof or admission, that the damage suffered by the
defendants by reason of the leaking sprinkler was caused by
the negligence of the Metropolitan Life Insurance Company
or by its failure to properly heat the rooms of the defendants.
Such being the case, there is not a scintilla of evidence or proof
in the record upon which any damages can be predicated.
The fact that the defendants did so execute the general release
would, I believe, have been a good defense to an action
brought by the defendants against the plaintiff under the

policy. (*Bloomingdale* v. *Columbia Ins. Co.*, 84 N. Y. Supp. 572.) In other words, if the defendants, having executed the general release in question, had then sued the plaintiff to recover damages for the loss under the policy, the plaintiff might have set up such general release as a defense, for the defendants would not, in such event, have been entitled to recover under the policy which the defendants had themselves breached, for, certainly, the general release would deprive the plaintiff of its right of subrogation to which it was clearly entitled under the provisions of the policy. The plaintiff, however, in this action sought to recover damages, and it was necessary for the plaintiff to show that it had, in fact, sustained substantial damages before it would be entitled to recover. In order to succeed it was necessary for the plaintiff to show that there was some person or corporation liable to pay for the loss sustained, either by reason of negligence or out of some breach of contract. As above noted, the facts do not show that the Metropolitan Life Insurance Company was in any way negligent or that the damage occurred by reason of any breach of contract. The mere fact that the defendants in the letter stated that additional damages had been suffered by reason of the leaking sprinkler is no evidence of negligence on the part of the Metropolitan Life Insurance Company and certainly is no proof that the sprinkler was caused to leak by reason of lack of heat. Moreover, the fact that the defendants did not include such loss in the account contained in this letter shows conclusively that the defendants were not making any claim against the Metropolitan Life Insurance Company for damages sustained by the sprinkler leakage. It, therefore, follows that giving the plaintiff the advantage of all possible inferences, it has failed to show that it could have recovered any damages from the Metropolitan Life Insurance Company had the defendants not executed the general release.

The determination appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Determination affirmed, with costs.