BLOOMINGDALE v. COLUMBIA INS. CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. INSURANCE—LOSS—LIABILITY OF THIRD PERSON—SUBROGATION OF INSURER—EFFECT OF RELEASE.

　　Insured's violation of a condition of his policy that he shall not release a carrier from its liability for a loss, and thereby prevent the insurer's subrogation to the insured's rights against the carrier, avoids the policy, though the loss was claimed to have been occasioned by an incendiary fire, for which the carrier was not liable; the insurer having a right to litigate the question of liability with the carrier.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William C. Bloomingdale against the Columbia Insur-ance Company. Judgment for plaintiff, and defendant appeals. Re-versed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLAN-CHARD, JJ.

Albert A. Wray, for appellant.
Wm. B. Ellison and Arnold L. Davis, for respondent.

BISCHOFF, J. The condition of the policy in suit that the in-sured "shall not enter into any special agreement with the carrier re-

leasing them from their common-law or statutory liability," and that the insurer might demand subrogation to the rights of the insured against the carrier, was obviously broken by the actual and undisputed release of the carrier as entered into by the insured and continued during the life of the policy. This being an absolute condition and unambiguous, the breach avoided the policy, irrespective of any reasons which may have led the parties to make it (Foot v. Ins. Co., 61 N. Y. 575), and the plaintiff could certainly not be excused by the attempt to show that the fire in transit was of an incendiary origin for which the carrier was not liable, even if not released. The question of the carrier's liability was something which the defendant, when subrogated, was entitled to litigate with the carrier, and the question was concluded against the defendant by the release given in violation of the condition agreed to by the insured.

Judgment reversed, with costs, and, since the facts cannot be changed upon a new trial, judgment is ordered for the defendant, with costs. All concur.