## PENNSYLVANIA CASUALTY COMPANY *v.* THOMPSON.

The writing relied on by the defendant to support its plea of accord and satisfaction was not merely a receipt for the sum therein named, but evidenced an unambiguous contract for a full release from any and all liability of the insurer to the insured by reason of the disability mentioned in such writing, and parol evidence was not admissible to contradict or vary its terms.

Argued February 6,—Decided June 9, 1908.

Action upon insurance policy. Before Judge Reagan. Henry superior court. May 18, 1907.

*Gleaton & Gleaton,* for plaintiff in error.

*Brown & Brown,* contra.

HOLDEN, J. The plaintiff brought suit on a health-indemnity policy of insurance, and obtained a verdict. To the refusal of the court below to grant a new trial, a bill of exceptions was filed by the defendant, making several assignments of error. The policy of insurance sued on obligated the defendant, in the event the plaintiff, as a result of any one of certain enumerated diseases, was continuously and wholly disabled from the performance of all duties pertaining to his occupation, to pay to him $10 per week during the continuance of such disability, for a period not exceeding 26 weeks. The plaintiff alleged, that he became sick with typhoid fever, by reason of which illness and its effects he was to-

tally disabled for a period covering the entire 26 weeks provided for in the policy, and that the company paid him $35 and refused to pay the balance,—$225; to recover which he brought suit. The defendant pleaded an accord and satisfaction, in support of which plea it tendered in evidence the following writing: "Claim Voucher No. 2912. Scranton, Pa., Nov. 10th, 1903. Pennsylvania Casualty Company. Benjamin F. Thompson. Luella, Ga. For claim under Ordinary Health No. 70351, viz.: Arising from an illness beginning Sept. 23rd, 1903, the adjustment and settlement thereof being for three & 4-7 weeks total disability, at indemnity rate of $10.00 per week, $35.71. . . Weeks partial indemnity rate of $...... Examined and found correct: Geo. T. Carr, Ch. Frank R. Stocker, Claim Agent. F. H. Kingsbury, Secretary.—I, the above payee, in consideration of the said sum of thirty-five & 71/100 dollars to me paid by the Pennsylvania Casualty Company, the receipt whereof is hereby acknowledged, do hereby release the said company forever from all, every, and further liability caused or arising. from the above-named disability, the said payment being also a full settlement of all claims I may or might have against said company to this date arising under above-mentioned policy. Dec. 23d, 1903. [Signature] B. F. Thompson. —The above receipt must be dated and signed without any alteration by the person in whose name the voucher is drawn, or if signed by any other person the authority for so doing must be attached thereto.—The County Savings Bank and Trust Company of Scranton, Pa. Pay the above amount when the foregoing receipt is properly filled up and signed by the payee without alteration. [Signed] The Pennsylvania Casualty Company, by E. P. Kingsbury. Payable in New York Exchange. $35.71. (Space for endorsement.) Pay to order of E. T. Moore. [Signed] B. F. Thompson. E. T. Moore.—Paid 12-31-03."

Under the view we take of the case, it is only necessary to consider the assignment of error complaining of the action of the court in permitting the plaintiff, over the objection of the defendant, to give the following parol testimony with respect to the document above set out: "I told Mr. Moore, when he brought me the receipt to sign, that I had a claim in for six weeks, and that I could not afford to sign it. He told me, 'As a matter of course, you are sick now, and you will be entitled to the whole claim, and

that this receipt is for thirty-five dollars and is merely paying me thirty-five dollars the company was paying me. He said the balance of the claim would come later. That statement induced me to sign the receipt. I did not intend the receipt for a settlement in full. I intended it for a settlement of thirty-five dollars. And the thirty-five dollars covers three weeks." The plaintiff testified he could read. Had the writing introduced by the defendant been merely a receipt, it could have been denied or explained by parol. Civil Code, §5208. Likewise, if, in addition to being a receipt, it had contained a contract in which there was any ambiguity, latent or patent, it would be governed by the ordinary rules of evidence relating to contracts, and the real intention of the parties could be ascertained by parol. But this writing is not a mere receipt; it embodies a full contract of release, covering the entire subject-matter upon which the plaintiff based his cause of action. See *So. Bell Tel. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215). Under the terms of the policy attached to the petition, the plaintiff could only recover, and in his petition he only seeks to recover, indemnity for continuous disability resulting from typhoid fever, beginning on September 23, 1903; and the release signed by the plaintiff, and which is pleaded as an accord and satisfaction, is on its face a voucher in settlement of his claim under the policy sued on, and details the claim as "arising from an illness beginning September 23, 1903." It also states that the "adjustment and settlement" of the claim is for a certain time at a named rate, and further recites that the payee (the plaintiff), in consideration of the sum received, releases the insurance company (the defendant), "forever from all, every, and further liability caused or arising from the above-named disability." In the event the insured suffered from certain diseases, included among them being typhoid fever, the policy obligated the insurance company to pay him for the period— not to exceed 26 weeks—during which he was continuously and wholly disabled as a result of such illness, at the rate of $10 per week. The insured obligated himself, within two months from the termination of disability, to furnish the company "positive and affirmative proof of duration of disability." All claims not made in accordance with the provisions of the policy were by its terms expressly declared to be forfeited. The evidence discloses that the plaintiff submitted final proof of claim, on a blank form provided

by the company, in which he stated, under oath, that he was totally disabled from "Sept. 23d to Nov. 2d, 1903," and that he began to attend to the duties of his occupation on November 3, 1903; and he also furnished the company a sworn statement of the physician who attended him, that he was totally disabled from September 23, 1903 to November 2, 1903, and that the date of his recovery was about November 2, 1903. Upon the recovery of the insured and the cessation of complete disability, under the terms of the policy the liability of the defendant to the plaintiff, growing out of the illness upon which the claim was based, was at an end; and the plaintiff having himself furnished sworn evidence that his disability had terminated, in order to secure payment of his claim, and having thereby obtained payment, which the release states is full payment, any valid settlement made under such circumstances must cover the entire liability of the insurer.

The fact that the consideration for which the claim was settled was less than the full amount the plaintiff, under the proofs furnished by him, would be entitled to receive would not affect the validity of the release. The Civil Code, §3735, provides: "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." The company having paid the full amount of the consideration recited in the release, it became fully executed and binding as to the subject-matter covered thereby, which, as we have above pointed out, of necessity covered the full cause of action which the plaintiff was seeking to maintain under the policy. The release stated that the company was released "from all, every, and further liability caused or arising from the above-named disability." The disability referred to was "an illness beginning September 23rd, 1903." It is on account of this disability that the plaintiff brought the present suit; and the suit can not be maintained, in the face of this release outstanding. In no event could the plaintiff maintain an attack on the release, in the absence of proper allegations in his petition and an offer on his part, prior to the commencement of the suit, to rescind, and a tender back to the defendant of the amount which it had paid in order to obtain such release. *East Tenn., V. & G. Ry. Co.* v.

*Hayes,* 83 *Ga.* 558 (10 S. E. 350) ; *W. & A. R. Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 498) ; *Petty* v. *Brunswick Ry. Co.,* 109 *Ga.* 666 (35 S. E. 82) ; *Jossey* v. *Ga. So. Ry. Co.,* 109 *Ga.* 439 (34 S. E. 664). We do not mean to say that the evidence of the plaintiff was such as to authorize the setting aside of the release and a recovery by him, even if proper allegations were contained in his petition and such offer and tender were proved to have been made by him and refused prior to the bringing of suit.

There being no ambiguity in the contract of release, it could not be contradicted or varied by parol, and the plaintiff not being in a position entitling him to have it set aside, even if facts and circumstances sufficient to accomplish this result could be proved, testimony was not admissible which tended to show that the plaintiff was induced by fraud to execute it. The court, therefore, committed error in allowing the testimony of the plaintiff hereinabove set out. *Judgment reversed. All the Justices concur.*