FIRE ASSOCIATION OF PHILADELPHIA, appellant,

*v.*

ROBERT V. SCHELLENGER, respondent.

[Submitted December 7th, 1914.    Decided June 14th, 1915.]

1. While a contract of insurance is one of indemnity, and the insurer upon payment of the loss is at common law subrogated to the rights of the insured, the right of subrogation may be waived by the contract.

2. A fire policy declared that if the insurer should claim that the fire was caused by the act or neglect of another, it should on payment of the loss be subrogated to the extent of such payment to all rights of the insured against the third person. The insurer paid a loss, making no claim that the fire was the result of another's act. Thereafter, the insured instituted an action against a railroad company and recovered damages for its negligent firing of the property.—*Held*, that the insurer could not claim subrogation; the policy waiving that right, unless at or before payment of the loss, it made claim that the fire was the result of the act or neglect of the third person.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *83 N. J. Eq. 144.*

*Mr. William C. French,* for the appellant.

*Messrs. French & Richards,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The Fire Association of Philadelphia, the complainant below, issued a policy of insurance upon the property of Schellenger, the defendant below, for $3,000. One of the provisions of the policy was that

"If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall on payment of the loss be subrogated to the extent of such payment

to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."

The property insured having been injured by fire, the complainant paid to Schellenger, under its policy, $2,855, that being the amount agreed upon as the extent of its liability. Subsequently, the defendant brought suit against the Atlantic City Railroad Company, claiming that the fire by which his property was injured was caused by sparks negligently permitted to escape from an engine of that company. A verdict of $6,000 was recovered in this suit; and afterwards (a rule to show cause having in the meantime been allowed) the parties to that litigation compromised it for $3,000, and Schellenger executed to the company a general release of all liability for loss or damage occasioned by the fire. The case which the present respondent sought to establish in the court of chancery was that, having paid to the appellant the amount due on the policy issued by it, a right of subrogation immediately sprung into existence, under which it was entitled to receive, out of the proceeds of the litigation brought by Schellenger against the railroad company, reimbursement of the moneys paid by it under the policy.

The learned vice-chancellor who heard the case, after pointing out that an insurance against loss by fire is an indemnity which the assured holds, declared as a principle of law that when the insurer pays that indemnity to the assured, the latter becomes a trustee of the insurer to the amount of the payment, in the event of its future collection by the insured from the person primarily liable for the loss; and held that this general principle of law was not at all modified, or affected, by the provision of the policy relating to the right to subrogation of the insurer which we have heretofore recited. As a necessary consequence of this view, he advised a decree in favor of the complainant; and from this decree the defendant appeals.

Whatever may be the extent of the right of subrogation residing in an indemnitor, under such a state of facts as the present case exhibits, in the absence of any agreement upon the subject between the indemnitor and the indemnitee, we see no reason for denying the power of the parties to curtail, or even to destroy it,

by mutual consent, if they see fit to do so. An agreement to that end runs counter to no provision of the written law, and is not opposed to any public policy of the state. The right of subrogation is a mere personal one, conferred solely for the benefit of individuals; and a right of this character may always be waived by the party in whom it resides. *Quick* v. *Corlies, 39 N. J. Law 11.* The rights of the parties to this litigation, therefore, must depend upon the meaning of the provision of the policy which deals with the matter of subrogation.

It is plain from a reading of this part of the contract that the parties to it intended that the right of the insurer, in case it paid the loss, should not be an absolute, but a conditional one; the condition being that the insurer should "claim that the fire was caused by the act or neglect" of some third person. We think it equally clear that the agreement contemplates that such claim should be made by the insurer to the insured at or before the time when it paid the loss. This appears from the fact that by its terms the right to subrogation, if it comes into existence at all, becomes complete when the payment is made. The language used is, "this company shall *on payment of the loss* be subrogated," &c.; "and such right shall be assigned to this company by the insured *on receiving such payment.*"

There is no suggestion, either in complainant's bill or in the proofs submitted by it at the hearing, that it made any claim to the defendant that the fire against which it had indemnified him had been caused by the act or neglect either of the Atlantic City Railroad Company, or of any other person, until many months after it had paid the moneys due under its policy. On the contrary, the fact appears that it made no such claim prior to the filing of its bill in this cause. Its failure to assert such claim at or before the time when the payment was made, was a failure to comply with the condition upon which its right to subrogation depended, and terminated the existence of that right, leaving the defendant free to so deal with the person responsible for the fire with relation to a settlement of any claim against such person, as he might see fit, without any liability to be called to account by the complainant for any of the proceeds of such settlement.

The decree under review will be reversed.

*84 N. J. Eq.*          Budke *v.* Schalkenbach & Budke.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.