23491. FIREMAN'S FUND INSURANCE CO. *v.* THOMAS.

DECIDED SEPTEMBER 26, 1934.

732

*Smith, Smith & Bloodworth, C. M. McClure, W. L. Bryan,* for plaintiff.

*A. S. Skelton,* for defendant.

STEPHENS, J.   The Fireman's Fund Insurance Company instituted suit against Ivan Thomas, and in the petition alleged that the plaintiff had paid to the defendant $2500, the face value of a fire-insurance policy issued by the plaintiff to the defendant, in full settlement of a loss by fire of the defendant's dwelling house and household and kitchen furniture, which were covered by the policy; that the defendant, in a sworn statement in filing the proof of loss with the plaintiff, fixed the value of the property and his total loss from the fire as being $3,143.96; that the defendant stated in the proof of loss that "the cause and origin of the said fire were unknown but believed to be electrical defects," that "the defendant stated to the plaintiff, after said fire, as indicated in the aforesaid proofs of loss, that the cause or origin of said fire was defective wiring, for which the Georgia Power Company was liable, by virtue of their negligence in connection with the installation and/or repair and maintenance of said electrical wiring;" that, after the plaintiff had settled with the defendant by paying him $2500 in full settlement of the defendant's claim under the policy, the defendant thereafter, without the knowledge, consent, or authority of the plaintiff, received $2000 from the Georgia Power Company in full settlement of defendant's loss in the destruction of his property by fire resulting from the alleged negligence of the Georgia Power Company, and that the plaintiff knew nothing of this settlement until after it had been consummated; that the policy contained the following provision:  "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment, to all right of recovery by the insured for the loss resulting therefrom, and such rights shall be assigned to this company by the insured on receiving such payment;" that under the terms of the policy, as quoted, "and under the principles of equity," the plaintiff, upon payment to the defendant of $2500 as loss and damage under the policy, "became legally and equitably subrogated to any and all rights or causes of action then existing in favor of the defendant against the Georgia Power Company, on account of the aforesaid alleged electrical de-

fect or defects in wiring in said insured property." The petition was in three counts, which were substantially identical in every respect and were in substance as above set out, with the exception that the plaintiff alleged in the first count that by reason of the facts alleged, the defendant was indebted to it in the sum of $2500 with interest, and, as alleged in the second count, in the sum of $2000 with interest, and in the third count in the sum of $1356.04. Nowhere in any of the counts was it alleged that the plaintiff had ever claimed or had made any claim to the defendant that the fire was caused by any act or neglect of another person or corporation, or that the plaintiff had ever demanded or required of the defendant an assignment to the plaintiff of the defendant's right to recover against the Georgia Power Company, or any one else, for the loss and destruction of the defendant's property by fire.

The defendant filed a general demurrer to each of the three counts of the petition, and also filed a special demurrer to each count upon the ground that it failed to contain such allegations. The court sustained the general and special demurrers and dismissed the petition. The plaintiff excepted.

The bill of exceptions in this case was transmitted to the Supreme Court. That court, in transmitting the case to this court, held that the case was not an equitable cause and that the Court of Appeals has jurisdiction. The case came to this court at the October term, 1933.

It is contended by counsel for the defendant that the plaintiff's right to subrogation arises only out of the express provision in the policy that if the plaintiff should claim that the loss by fire insured against was caused by any act or neglect of another person or corporation, the plaintiff would on payment of the loss be subrogated, to the extent of the payment, to the defendant's right of recovery against the person or corporation whose act caused the damage, and that the defendant's right of recovery therefor against such person or corporation should be assigned to the plaintiff by the defendant upon the latter's receipt of payment of loss under the policy, and that since it does not appear from any of the allegations of the petition that the plaintiff had ever made such claim or demanded or obtained any assignment of any right of the defendant to a recovery against the Georgia Power Company, upon the receipt by the defendant of the amount of loss paid under the policy, the plaintiff

has waived its right of subrogation. In support of their contention counsel cite the case of Fire Association of Philadelphia *v.* Schellenger, 84 N. J. Eq. 464 (94 Atl. 615). In that case, the court, in construing a policy containing a clause identical with the clause in the policy in the case now before this court, held that "whatever may be the extent of the right of subrogation residing in an indemnitor, under such a state of facts as the present case exhibits, in the absence of any agreement upon the subject between the indemnitor and the indemnitee, we see no reason for denying the power of the parties to curtail, or even to destroy it, by mutual consent, if they see fit to do so." The Supreme Court of Mississippi, in Home Insurance Co. *v.* Hartshorn, 128 Miss. 282 (91 So. 1), in following the New Jersey case, holds to the same effect. The New Jersey court stated that the insurer, by not having asserted any claim that the fire was caused by the act or neglect of another, until after the insured had settled with a third person whose tortious act it was claimed by the insurer had caused the loss, thereby leaving the insured free to settle with the person responsible for the loss, without notice of the insurer's claim for subrogation, had waived its right to subrogation.

A contract of fire insurance is one of indemnity only. In the absence of any express provision in the contract as evidenced by the policy, the insurer, upon general principles of equity, is, upon payment to the insured of the amount of the loss payable under the policy, subrogated, to the extent of the amount paid, to the right of the insured against another who may be responsible for the loss. This is an equitable right in the insurer which can be asserted against the person who is responsible to the insurer for the loss only in the right of the insured. 26 C. J. 657; 5 Joyce on Insurance (2d ed.), 3537, and cit.; St. Louis &c. Ry. *v.* Commercial Union Ins. Co., 139 U. S. 223 (11 Sup. Ct. 554, 35 L. ed. 154), Phœnix Ins. Co. *v.* Erie &c. Co., 117 U. S. 312 (6 Sup. Ct. 750, 1176, 29 L. ed. 873); 7 Cooley's Briefs on Insurance (2d ed.), 6675.

The provision in the policy with reference to subrogation confers upon the insurer as respects the right of subrogation no right which the insurer otherwise did not have, on equitable principles, arising out of the relationship between the parties created by the contract of insurance. This is the equitable right of subrogation, where

the insurer has paid the loss, to the extent of the amount paid, to the insured's right to recover against another whose act may have been responsible for the loss. It is true the insurer is, by the terms of the policy, given the right to demand of the insured an assignment of the latter's right of recovery against the person whose act caused the loss, but this is only to the extent of the amount of loss which the insurer has paid to the insured under the policy. Since the insured's right is an unliquidated demand which may be satisfied by a settlement, or a recovery, for the loss of the property in an amount as representing its loss, greater than that represented in the amount of loss which the insurer has paid the insured under the policy, an assignment by the insured to the insurer of the insured's right of recovery, which is only to the extent of the amount of loss which the insurer has paid under the policy, would not assign to the insurer the insured's legal title to the chose in action against the person whose conduct caused the loss. Since, under the terms of this provision in the policy, the insured could obtain only an equitable assignment of the insured's right against the third party, this clause of the policy secures to the insurer only that to which the insurer who is indemnitor under the policy is entitled otherwise to on the principles of equity. In this respect the policy confers upon the insurer no new right. It is only as respects the conditions provided in the policy for the exercise by the insurer of its right of subrogation that the policy contains anything affecting the insurer's right of subrogation. These limitations therefore must necessarily relate to whatever right of subrogation the insurer may possess, whether this right arises from, or independently of, any express provision in the policy. Upon the principle expressio unius est exclusio alterius these limitations are imposed upon whatever right of subrogation the insurer may possess. Therefore, where the insurer has failed to assert its right to subrogation at the time of payment of the loss, by claiming that the loss was caused by the act of a third person, and permitting the insured afterwards, without notice of the insurer's claim of subrogation, to settle with the third person for the loss, notwithstanding the insurer has no notice of the settlement, the insurer has thereby waived its right to insist upon a subrogation to the insured's right against the person whose act caused the loss. The insurer, therefore, after paying the loss under the policy, can not,

upon any right of subrogation, recover of the insured who has set-tled with a third person whose act caused the loss.

The insistence that where the insurer pays the loss under the policy, without any knowledge that the loss of the property was caused by any act or neglect of a third person and without any knowledge of any claim which the insured may have against a third person to recover for the loss of the property, the insurer has not waived its right of subrogation, is not sound. The insurer's right to subrogation is limited, as provided in the policy, to the insur-er's asserting it in the manner therein prescribed, before making a payment of the loss under the policy. The policy provides for a proof of loss, and the loss is not payable under the policy until after proofs of loss have been made to the insurer. The insurer had every opportunity to obtain from the insured, upon the making of proofs of loss, the facts and circumstances respecting the cause and origin of the fire which caused the loss. Where the insured has made proof of loss and has concealed from the insurer nothing within the insured's knowledge as to the cause of the fire, and has, therefore, committed no fraud on the insurer by inducing it to pay the loss under the policy, in ignorance of the cause of the fire, the insurer can not claim subrogation upon the ground that it failed to claim the right upon payment of the loss because it was at the time ignorant of the fact that the property was destroyed by the act or neglect of a third person.

The proof of loss furnished by the insured in the case now before the court, as it appears from the allegations in the petition, con-tains a statement that the cause and origin of the fire were un-known, but that the insured believed the fire was caused from "electrical defects," evidently meaning, as alleged in the petition, that there was a defective condition in the electrical wiring of the house. It is nowhere alleged in the petition that the defendant misled the plaintiff as to the cause of the fire, or concealed from the plaintiff any facts known to the defendant which might render the Georgia Power Company, or any one, liable for the destruction of the property. There appears nothing which would relieve the plaintiff from a compliance with the conditions of the policy as respects the assertion of its right of subrogation.

It not appearing from the petition that the plaintiff was entitled to a subrogation to any right of the defendant, the petition failed

to set out a cause of action, and the court did not err in sustaining the demurrer.

The Supreme Court, after this case was transmitted to it, took jurisdiction and rendered a decision in which the judgment of the superior court sustaining the general demurrer was affirmed. The plaintiff moved for a rehearing upon the ground that the Supreme Court had no jurisdiction of the case. That court, upon consideration of the motion, transferred the case to the Court of Appeals. The Court of Appeals therefore seems to be placed in the anomalous position of in effect reviewing a judgment of the Supreme Court. It is unusual for the Court of Appeals to have the opportunity to review the Supreme Court. Since the Supreme Court has conferred this privilege upon us, we cheerfully assume the responsibility of reviewing its judgment. After considering the case we come to the same conclusion as did that learned tribunal.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. A contract of insurance is one of indemnity and not for profit. The insurer was entitled to subrogation under the principles of equity when it paid the insured the amount of the policy of insurance. This equitable right of subrogation was confirmed and fixed by the terms of the contract of insurance between the parties in this case. The amount of the loss claimed by the insured was greater than the amount of the insurance policy. The right of action of the insured against the Georgia Power Company for the negligent destruction of the property insured was a tort, and a part of this right of action could not be assigned to the insurance company and the other part be retained by the insured. The cause of action could not be split. Therefore, when the insured proceeded against the tort-feasor and settled his claim for $2000, this settled and satisfied the cause of action against the Georgia Power Company in so far as both the insured and the insurer were concerned. The insured is not entitled to a double recovery for the same loss. The insurance company having paid the insured $2500, the amount of the insurance policy, and the insured having collected $2000 damages from the Georgia Power Company for the negligent destruction of the insured property, I think that the insured was liable to the insurance company for the amount of damage so collected, and am of the opinion that

738

the court erred in dismissing the plaintiff's petition on demurrer. Therefore I dissent from the majority opinion of the court in this case.