30057. SERVICE FIRE INSURANCE COMPANY *v.*
POWELL.

DECIDED NOVEMBER 26, 1943.

216

*R. D. Smith,* for plaintiff.   *Hoyt H. Whelchel,* for defendant.

STEPHENS, P. J.   (After stating the foregoing facts.)   In the agreement executed by the defendant when he received the $377.61 from the insurance company, he not only agreed to promptly present, and if necessary, prosecute with all due diligence his claim against the railroad, which he pledged as security for the above sum, but he also appointed the managers and agents of the insurance company his agent and attorney in fact, "with irrevocable power, to collect any such claim, or claims and to begin, prosecute, compromise or withdraw" the claim, giving to his agent and attorney in fact power to execute any compromise of the claim in his name.   After making the above agreement, in consideration of which the sum of $377.61 was advanced to him, the defendant could not rightfully, as between himself and the insurance company, settle and compromise any claim he had against the railroad company for damages sustained by him as a result of the collision, and in that manner escape liability to repay the $377.61.   In doing so he breached his contract with the plaintiff, and rendered it impossible for the plaintiff to recover "in the event and to the extent of

any net recovery" he might obtain from the tort-feasor as the result of the damage to the Ford automobile insured by the plaintiff. In a suit against the railroad company the defendant might have recovered the full amount of $377.61 which the plaintiff had advanced him. See *Universal Credit Co.* v. *Service Fire Ins. Co.*, 69 *Ga. App.* 357 (25 S. E. 2d, 526).

The trial court erred in rendering judgment to the effect that the plaintiff was not entitled to recover.

*Judgment reversed. Sutton and Felton, JJ., concur.*