Under the pleadings and stipulated facts submitted to the trial judge for decision without a jury, a finding in favor of the defendant was not authorized, and was contrary to law.
 DECIDED NOVEMBER 26, 1943.
The Service Fire Insurance Company brought suit against C. Frank Powell to recover $377.61, which the company alleged the defendant owed to it by reason of the facts alleged in the petition. The plaintiff alleged that it issued to the defendant a policy of insurance wherein it agreed to pay him all damages, less $50, to a described Ford coupe automobile caused by a collision; that on March 25, 1940, there was a collision between the automobile and a train of the Atlanta, Birmingham and Coast Railroad Company, whereby such automobile was damaged in the sum of $377.61, plus $50, which the defendant represented to the plaintiff was caused by the negligent and careless operation of the train by the employees of the railroad company; that on March 28, 1940, the plaintiff advanced as a loan to the defendant the sum of $377.61, taking from the defendant the following agreement designated a "loan receipt," to it: "Received from the Service Fire Insurance Co. (hereafter referred to as `company') the sum of three hundred seventy-seven and 61/100 Dollars as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned *Page 214 
may make from any person, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any insurance effected on such property, and as security for such repayment the undersigned hereby pledges to the said `company' all his, its or their claim or claims against said person, persons, corporation or corporations, or other parties, or from any insurance carriers, and any recovery thereon, and hereby delivers to said `company' all documents necessary to show his, its or their interest in said property. The undersigned hereby agrees to promptly present, and if necessary, to commence, enter into, and prosecute suit against such person or persons, corporation or corporations, or other parties, through whose negligence or other fault the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence, in his, its or their own name. In further consideration of said advance, the undersigned hereby guarantee(s) that he, it or they are the owner(s) of said property and entitled to recover upon said claim for loss or damage thereto, and hereby appoint(s) the managers and/or agents of the said `company' and their successors severally, his, its or their agent(s) and attorney(s)-in-fact, with irrevocable power, to collect any such claim or claims, and to begin, prosecute, compromise, or withdraw in his, its or their name, but at the expense of the said `company', any and all legal proceedings that the said `company' may deem necessary to enforce such claim or claims, and to execute in the name of the undersigned, any documents that may be necessary to carry the same into effect for the purposes of this agreement. Any legal proceedings are to be under the exclusive direction and control of said `company.' The property hereinabove set forth is as follows: One 1940 Ford coupe motor No." The plaintiff also alleged that although the defendant agreed in the above instrument to promptly present his claim against the person or corporation as a result of whose negligence the damage to the automobile insured with the plaintiff was caused, and to prosecute it with due diligence, and also agreed to repay to the plaintiff the amount of the loan "only in the event and to the extent of any recovery" by him against the person or corporation causing the damage, the defendant, without any notice to the plaintiff, did enter into an agreement with the railroad company whereby, for the sum of $150, he released the railroad company from any and *Page 215 
all liability to him on account of the collision whereby the automobile insured was damaged; and that the defendant had not repaid to the plaintiff the sum advance to him or any part thereof. Attached to the petition is a copy of the release executed to the railroad company by the defendant s follows: "Whereas, I, Frank Powell and Glen Powell of the county of Tift, State of Georgia, have a claim against Atlanta, Birmingham and Coast Railroad ?Company, by reason of personal injury to Glen Powell and all damage to the 1940 Ford deluxe coupe auto in which he was riding and all other property damage of every kind or character occurring at or near Omega, Ga., on or about the twenty-fifth day of March, 1940, and any other personal injury to me prior to this date: Now, therefore, I hereby acknowledge receipt from the said Atlanta, Birmingham and Coast Railroad Company, the sum of one hundred fifty and no/100 ($150.00) dollars, and in consideration of said payment, I hereby settle said claim, and acquit, discharge, and release officers, agents, and employees of and from any and all liabilities for said injury, or any result, direct or indirect, arising therefrom, and acknowledge full accord and satisfaction thereof. This settlement also includes all doctor's, hospital, and medicine bills as result of the above accident and injury. And I hereby expressly state that the above consideration is in full of this release, and there is no outstanding agreement of any kind for further consideration whatsoever, implied, excepted or to come to me in money, employment or otherwise." This agreement was signed by both Frank Powell and Glen Powell.
The defendant demurrer to the petition generally on the ground that no cause of action was set forth, and specially on the ground that it appeared from the petition that if the plaintiff had any cause of action against the defendant, it was limited to whatever sum the defendant might receive from the railroad company, which was net to him. He also filed an answer in which he denied liability, and set up that the $377,61 paid to him by the plaintiff was made under the plaintiff's obligation in the insurance policy, and not as a loan. He admitted that he executed the release to the railroad company, but denied that he received the $150 recited in the release, and averred that this money was received by Glen Powell. *Page 216 
The case was submitted to the judge of the city court without the intervention of a jury. It appeared from the agreed statement of facts that, "The Atlanta Birmingham and Coast Railroad Company paid the sum of $150 for the execution of the release and agreement, and that this amount was by agreement between Frank Powell and Glen Powell received by the said Glen Powell, and that no part of it was received or used by the defendant." It was also stipulated that "Glynn [sic] Powell received personal injuries in the accident . ., made demand on the . . railroad company for settlement and they refused to settle with him unless Frank Powell would join in the release;" that Glen Powell was damaged to the extent of $150 in said accident, and that the check from the railroad company for the $150 was made payable to both Frank Powell and Glen Powell. The trial judge rendered judgment for the defendant, reciting in the judgment that, "it appearing that the parties hereto agreed that the action is based upon contract and not on tort, upon consideration of the petition, the demurrer, the answer, and the agreed statement of facts, it is considered, ordered, and adjudged that the plaintiff is not entitled to recover in said case." To this judgment the plaintiff excepted.
In the agreement executed by the defendant when he received the $377.61 from the insurance company, he not only agreed to promptly present, and if necessary, prosecute with all due diligence his claim against the railroad, which he pledged as security for the above sum, but he also appointed the managers and agents of the insurance company his agent and attorney in fact, "with irrevocable power, to collect any such claim, or claims and to begin, prosecute, compromise or withdraw" the claim, giving to his agent and attorney in fact power to execute any compromise of the claim in his name. After making the above agreement, in consideration of which the sum of $377.61 was advanced to him, the defendant could not rightfully, as between himself and the insurance company, settle and compromise any claim he had against the railroad company for damages sustained by him as a result of the collision, and in that manner escape liability to repay the $377.61. In doing so he breached his contract with the plaintiff, and rendered it impossible for the plaintiff to recover "in the event and to the extent of *Page 217 
any net recovery" he might obtain from the tort-feasor as the result of the damage to the Ford automobile insured by the plaintiff. In n suit against the railroad company the defendant might have recovered the full amount of $377.61 which the plaintiff had advanced him. See Universal Credit Co. v.Service Fire Ins. Co., 69 Ga. App. 357 (25 S.E.2d 526).
The trial court erred in rendering judgment to the effect that the plaintiff was not entitled to recover.
Judgment reversed. Sutton and Felton, JJ., concur.