36790. CLARK *v.* AMERICAN CASUALTY COMPANY.

DECIDED SEPTEMBER 12, 1957.

330

*Casper Rich, Franklin B. Anderson,* for plaintiff in error.
*Sarah Frances McDonald,* contra.

CARLISLE, J. (After stating the foregoing facts.) ■ The first ground of special demurrer attacks the petition on the ground that no copy of the policy of insurance is attached, nor are the complete terms thereof set out therein. This ground of demurrer is without merit. The action in this case was not an action on the policy, and the policy formed no basis for a recovery. The action was one for breach of contract, the contract being the loan receipt executed by the defendant in consideration of the payment of the loss under the policy. This was an entirely independent

contract unrelated to the policy of insurance, and since the action was not one on the policy, it was not necessary that a copy of the policy be attached or referred to in the petition. *Keene* v. *Lumbermen's Mutual Ins. Co.*, 60 *Ga. App.* 864, 865 (2) (5 S. E. 2d 379).

■ In ground 3 of the demurrer, the defendant demurred to and moved to strike the following language from paragraph 24 of the plaintiff's petition: "and has deprived himself and your petitioner of a recovery against the driver of said automobile, George P. Davis, Jr., whose negligence was responsible for said damage," on the ground that "said language is vague and indefinite in that the negligence of George P. Davis, Jr., is not specified or set out in said petition and it is not shown when, where, how, or in what manner George P. Davis, Jr., was negligent and in what way said negligence contributed to any injury of this plaintiff," and on the ground that "said allegation is a conclusion not based on the requisite facts." In this ground of the demurrer, the defendant apparently seeks to avail himself of the rule which requires a plaintiff to set forth his cause of action with sufficient particularity as to inform the defendant of the basis of the plaintiff's claim against him so that the defendant will be enabled to prepare his defense. However, the action in this case was not one based on the negligence of George P. Davis, Jr., in operating the automobile, but was an action for breach of contract by the defendant, L. C. Clark, in settling and releasing George P. Davis, Jr., after covenanting in the loan receipt that he had not settled with or released Davis and that he would not do so. Since the basis for the action was not the negligence of Davis but the breach of contract of Clark, it was only necessary that the petition set out generally the negligence of Davis. *Universal Credit Co.* v. *Service Fire Ins. Co.*, 69 *Ga. App.* 357, 362 (25 S. E. 2d 526).

■ In their argument on the general grounds of the demurrer, counsel for the defendant contend that while the loan receipt executed by the defendant recites that the loss and damage to the automobile was caused when the *insured* attempted "to pass another *car* when this *car* started to make a left turn and *insured* struck this *car*" (italics ours) ; and, while the release executed

by the defendant recites that the damage to said automobile resulted from a collision with a *tractor-trailer* of Central Truck Lines on Highway 42 at Moreland Avenue, the petition alleges that the damage occurred while the vehicle was being operated by George P. Davis, Jr. It is contended that these discrepancies between the loan receipt, the release and the petition indicate that the loan receipt and the release involved two different occurrences. In support of this contention, the plaintiff in error cites *State Farm Mutual Automobile Ins. Co.* v. *Davis,* 91 *Ga. App.* 850 (87 S. E. 2d 348). That case is authority for the proposition that the plaintiff in a suit for breach of a subrogation agreement must allege facts to show that the defendant has settled or compromised his claim against a third party growing out of the very same occurrence, but it is clearly distinguishable on its facts from the instant case in that there the petition failed to show these essential facts, while from the allegations of the petition in this case as outlined in the above statement of facts, it is clear that the occurrence referred to in the release and in the loan receipt are one and the same. There is no material difference in the allegations here and those in *Service Fire Ins. Co.* v. *Powell,* 70 *Ga. App.* 213, 216 (27 S. E. 2d 896), the only exception being that in that case the settlement and release of the wrongdoer was made prior to the institution of the suit in the name of the insured, whereas, in this case, the settlement was made during the pendency of the suit. There it was held: "After making the above agreement [executing the loan receipt], in consideration of which the sum of $377.61 was advanced to him, the defendant could not rightfully, as between himself and the insurance company, settle and compromise any claim he had against the railroad company for damages sustained by him as a result of the collision, and in that manner escape liability to repay the $377.61. In doing so he breached his contract with the plaintiff, and rendered it impossible for the plaintiff to recover 'in the event and to the extent of any net recovery' he might obtain from the tortfeasor as the result of the damage to the Ford automobile insured by the plaintiff. In a suit against the railroad company the defendant might have

recovered the full amount of $377.61 which the plaintiff had advanced him." This ruling is in accordance with other rulings of this court and of the Supreme Court of this State and with the general rule in this country where it is almost universally held that the right of subrogation is an equitable right based on the rule against unjust enrichment. See *Universal Credit Co.* v. *Service Fire Ins. Co.*, 69 *Ga. App.* 357, supra; 29 Am. Jur. 1008, Insurance, § 1346.

■ The plaintiff introduced in evidence its Exhibit "A" attached to its petition which was a copy of the "Sworn statement and proof of loss" on one side, and "Loan receipt" on the other side. On the proof of loss side, the form bears both the names of American Casualty Company of Reading, Pennsylvania, and American Aviation & General Insurance Company. The defendant objected to the introduction in evidence of this form on the ground that the exhibit was vague and indefinite in that it was not clear whether the document was given to the American Casualty Company or to the American Aviation & General Insurance Company, and on the ground that neither the petition nor the evidence connected the exhibit with the plaintiff's cause of action; and finally, on the ground that there was no consideration moving from the plaintiff to the defendant in that the plaintiff's evidence showed that all moneys paid to the defendant were paid in consideration of and as the result of an existing insurance policy. The fourth ground of the motion for new trial assigns error on the overruling of these objections.

As to the first objection, it is clear from the pleading and all the evidence in the case, including admissions in the defendant's answer and the defendant's own testimony on cross-examination, that the policy of insurance involved was issued by the American Casualty Company, that the claim for the loss was made to the American Casualty Company under the terms of the policy and that the loss was paid by the American Casualty Company. The American Casualty Company was the plaintiff in the prior action referred to in the petition and was the plaintiff in this action, and aside from the mere immaterial reference to American Aviation & General Insurance Company made at the head of the proof of loss, there is no mention anywhere in the pleadings or

the evidence that any other insurance company is involved. It is plain that the form was intended to be used in making proofs of loss to either company, and that the failure to strike from the heading of the proof of loss the name of American Aviation & General Insurance Company if material, was a mere inadvertance.

The second contention with respect to this evidence raises substantially the same question as is raised in connection with the general grounds of demurrer which are passed on in division 3 above. When all of the evidence in this case is viewed together, it is plain that there was only one collision giving rise to the payment of the defendant's claim submitted on the proof of loss and for which the release was given by the defendant to Davis in return for his payment of $100 to the defendant. For this reason the evidence was not subject to this objection.

As to the final objection, the validity of loan receipts and the right of an insurer to subrogation irrespective of provisions contained in the insurance policy or of the execution of loan receipts has been recognized and upheld by the courts of this State and is no longer open to question. *Universal Credit Co.* v. *Service Fire Ins. Co.*, 69 *Ga. App.* 357, supra; See Phillips *v.* Clifton Manufacturing Co., 204 S. C. 496, 501 (30 S. E. 2d 146) (citing and quoting with approval Justice Brandeis in the case of Luckenbach *v.* W. J. McCahan Sugar Refining Co., 248 U. S. 139, 39 Sup. Ct. 53, 55, 63 L. ed. 170, 1 A. L. R. 1522). The trial court did not err in overruling the first special ground of the motion for new trial.

■ The second special ground of the motion for new trial assigns error because the court admitted into evidence a copy of the release signed by the defendant and given to Davis. The ground of objection was that the exhibit was not relevant and material to the plaintiff's cause of action in that it referred to a different occurrence from that referred to in the petition and other exhibits. This objection raises substantially the same issue as was raised by the plaintiff in error in his argument on the general grounds of the demurrer, and in the second objection made to the introduction of exhibit No. 1 referred to in the preceding division. This issue is answered and disposed of in the preceding divisions of this opinion. Furthermore, if in fact the release was

given for an entirely different occurrence from that for which the insurance company paid the defendant, this was a matter of defense, which issue the defendant should have made by the introduction of appropriate evidence. This the defendant failed to do.

■ The evidence in this case consisted of oral testimony by the plaintiff's witnesses on direct examination, the oral testimony of the defendant on cross-examination, and the plaintiff's documentary evidence including the proof of loss, loan receipt, the release given by the defendant to Davis and copies of the pleadings in the former action. The evidence was ample to prove the case as laid in the petition, authorized the verdict and judgment, and no error of law appearing, the trial court did not err in denying the motion for new trial on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*