38963.   COLEMAN v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.

DECIDED SEPTEMBER 6, 1961.

*James Maddox*, for plaintiff in error.

*Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan*, contra.

FELTON, Chief Judge. (After stating the foregoing facts). ■ The first ground of special demurrer attacks the petition on the ground that there is no allegation therein showing that the defendant had included any claim of loss or damage to the automobile in the settlement with the Southern Railway System. This ground of demurrer is without merit. In paragraph 7 of the plaintiff's petition, it is alleged that " . . . the defendant, without the knowledge or consent of the plaintiff and in violation of the terms of said loan receipt, filed suit in the Superior Court of Floyd County, Georgia, against the Southern Railway to recover for personal injury to himself and *property damage to his said automobile,* same being Case No. 9424." (Italics ours). Paragraph 9 alleges that thereafter " . . . the said Coleman settled said lawsuit with the Southern Railway System . . . " and paragraph 10 alleges that "as a result of said settlement, the said Coleman . . . dismissed said lawsuit with prejudice." It seems obvious that the defendant's dismissal of the lawsuit was an indication that the settlement obtained from Southern Railway included everything sued for in said lawsuit, which included damages to his automobile; otherwise, he would have continued his action against the railway. "Though damage was sought for personal injury and for reduction in value of the car, there was but a single cause of action. *Georgia Ry. &c. Co. v. Endsley,* 167 Ga. 439 (145 SE 851, 62 ALR 256). The settlement constituted a release of the tortfeasor, not merely as to the amount paid, but as to all liability because of the negligence complained of. *Pennsylvania Casualty Co. v. Thompson,* 130 Ga. 766 (61 SE 829)." *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357, 361 (25 SE2d 526). Thus the defendant's act of settlement with the tortfeasor was a final disposition of any claim the defendant had against it as a result of the collision. The bringing of the suit and the settlement and dismissal thereof by the defendant constituted a breach of the contract in the loan receipt, which provided that the defendant should prosecute such suits "under the exclusive direction and control of said insurance company." As to plaintiff in error's argument that the insurer is not alleged to have called upon him to prosecute an action in behalf of the

insurance company, nor offered to pay expenses attendant thereon, the terms of the loan receipt do not require the insurance company to initiate the action; on the other hand, the insured agreed to enter and prosecute the suit himself, subject only to the company's exclusive control and direction.

■ The second ground of special demurrer, that of failure of the plaintiff to attach to the petition a copy of the defendant's action against the railway, is likewise without merit, for the reason that the plaintiff's action is based on the breach of the contract in the loan receipt, rather than on the defendant's action against the railway. *Code Ann.* § 81-105 requires writings to be attached to the petition only when "they constitute the cause of action, or the relief prayed for must be based thereon," and neither condition exists here.

■ As to the defendant's general demurrer, the cases of *Universal Credit Co. v. Service Fire Ins Co.*, 69 Ga. App. 357, supra; *Service Fire Ins. Co. v. Powell*, 70 Ga. App. 213 (27 SE2d 896); and *Clark v. American Cas. Co.*, 96 Ga. App. 328 (99 SE2d 897) are sufficient authority to justify the conclusion that an insured can not be permitted, after accepting money under a loan receipt, to breach the terms of the loan receipt by settling the claim with the tortfeasor, thus destroying the insurer's right of subrogation, and then escape completely free of liability under the loan receipt under the guise of having settled for personal injuries only.

From the foregoing it follows that the court below did not err in overruling all the demurrers to the petition.

*Judgment affirmed. Bell and Hall, JJ., concur.*