44632.   ALLSTATE INSURANCE COMPANY v. AUSTIN.

ARGUED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 19, 1969—
REHEARING DENIED OCTOBER 3, 1969—

*Greer, Sartain & Carey, Jack M. Carey, John Cromartie,* for appellant.

DEEN, Judge. ■ One of the standard policy provisions having reference to the collision insurance provides that "upon payment . . . Allstate shall succeed to all the insured's rights of recovery therefor, and the insured shall do whatever is necessary to secure such rights and do nothing after loss to prejudice them." The satisfaction of Austin's judgment was, of course, a complete settlement of his cause of action against the tortfeasor and was such an act as would make impossible any subsequent assignment of a claim for property damages to Allstate or collection by Allstate. It is stated in *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357 (1) (25 SE2d 526): "Any payment as damages received by the insured from the wrongdoer before settlement with the insurer, reduces by operation of law the liability of the insurer pro tanto, and where the insured releases his right of action against the wrongdoer before settlement with the insurer, that release destroys, by operation of law, his right of action on the policy." And under *Coleman v. State Farm Mut. Auto. Ins. Co.,* 104 Ga. App. 328 (3) (121 SE2d 833) one who, after receiving collision insurance, sued the tortfeasor for both personal injury and property damage, and thereafter settles his case for a lump sum "thus destroying the insurer's right of subrogation, [cannot] then escape completely free of liability under the loan receipt under the guise of having settled for personal injuries only." The same would apply to the policy condition that insured do nothing to prejudice the insurer's subrogation claim which would arise on payment of collision loss, unless due to some other fact the insurer is not entitled to insist on the policy provision because of a prior breach of the contract on its own part.

Here the value of the loss has been set by the jury verdict in this case at $1,750 and there is no attack on this finding.

Austin's entire recovery in an action for both personal injury and property damage in the former case was $1,500. However, the insurance company upon whom the duty rested under the policy to pay the loss less the $50 deductible, or in other words, to pay the plaintiff $1,700, unconditionally refused to do so, based on its contention that the loss was worth only $1,150 (less than any estimate of damage given by any witness in this case), and it refused to make any payment in excess of this amount. It is true that it also offered to repair the car under an alternative policy provision, but since there was evidence in this case that the car could not be repaired and restored to its former condition this also presented a question of fact as to whether making repair would be payment of the loss, and the trial court was authorized to find that it would not. Therefore, the defendant owed the plaintiff $1,700. Tender, to be effective, must be in full of the specific debt. Code § 20-1105. "A tender which is not in full of the claim at the time it is made is not a good tender." State Hwy. Dept. v. Hewitt Contr. Co., 115 Ga. App. 606 (1b) (155 SE2d 422). There being no proper tender by the plaintiff of payment of the loss, there was a breach of contract on the part of the insurer which forced the insured into a choice between accepting less than the amount of the loss, attempting further negotiations with the company to the delay or complete loss of any right of action against the tortfeasor, or proceeding with an action against the latter. Whether or not he sought recovery for property damage in that action is irrelevant, since the cause of action was single and any settlement of the personal injury claim would also constitute a release of all claims. Gregory v. Schnurstein, 212 Ga. 497 (93 SE2d 680). No right to subrogation arises until the insurance is paid. Poynter v. Aetna Cas. &c. Co., 13 Mich. App. 125 (163 NW2d 716); Caldwell v. Keystone Ins. Co., 212 Pa. Super. 379 (243 A2d 448). Whether the destruction of the right to subrogation constitutes a complete defense to an action on the policy, therefore, depends upon whether there is a prior breach of contract or waiver or estoppel on the part of the insurer which of itself cancels out its right to demand subrogation as a condition of payment. The rule in the majority of jurisdictions is stated in

38 ALR2d, Anno., pp. 1095, 1099, as follows: "There is little doubt that the rights of the collision insurance company, under the general rule that a release of the tortfeasor by the insured also releases the insurer, may be waived or lost by estoppel, and that such waiver or estoppel will arise where the insurer deliberately or negligently induces the insured to make the settlement with the tortfeasor, either by refusing or unreasonably delaying settlement under the policy, or by actually suggesting the insured's course of action." In the leading case, Powers v. Calvert Fire Ins. Co., 216 S. C. 309 (57 SE2d 638, 16 ALR2d 1261), a case remarkably similar to this one, the insured gave notice to the insurer who, while promising payment did nothing toward paying the claim and subsequently, with knowledge that the insured had employed counsel to file suit against the tortfeasor, made no attempt to protect its rights in any way, and the holding was that under the circumstances the company had no right to insist upon subrogation. In the present case Allstate refused to pay the claim in full, and actually employed counsel who appeared in the insured's action against the tortfeasor. The Powers case cites two Georgia cases. In one, *Firemen's Ins. Co. v. Ga. Power Co.*, 181 Ga. 621, 623 (183 SE 799) it was held: "The plaintiff's right to subrogation is limited by the terms of its policy, and it is dependent upon a compliance by the plaintiff with the terms of the policy." As the Powers case succinctly states, "An insurer will not be permitted to profit from such a course of conduct. It cannot sit down and hold its hands and purse and thereafter escape liability for fulfillment of its contract by reason of the insured's effort, and after fair notice, to recoup his loss by litigation against a wrongdoer." P. 316. The contention that under the circumstances the insured had no right of action against Allstate is without merit.

2. Is the insurer entitled to have a setoff against this judgment to the extent of Austin's recovery against the tortfeasor? It is well settled that no person is entitled to recover full compensation more than once for the same injury. *Clark v. American Cas. Co.*, 96 Ga. App. 328, 334 (99 SE2d 897). Some of the cases, while recognizing the rule set out in the Powers case, supra, have placed the burden on the plaintiff to show the

amount received as reimbursement for loss to the automobile. See Soper v. First Security Ins. Co. America, 148 A2d 580; Myers v. Firemen's Ins. Co. of Washington, D. C., 274 F2d 84. In Georgia, however, the general rule is that the burden lies upon the one asserting a state of facts to make proof thereof. The defendant undertook to plead and prove that the plaintiff had already received partial payment for the damage to his automobile. It showed that in Austin's action for personal injury and property damage in the alleged total sum of $6,500 he received $1,500, but it failed to prove what part, if any, of this amount is allocable to the damage to the automobile. It did not, then, prove that the plaintiff had received compensation for this element of his action in any amount which it could claim, but only that the plaintiff *might* have received some sum ranging between zero and $1,500. To justify an award of damages, or of a setoff against damages, there must be some evidence from which the trior of fact can arrive at some definite sum constituting the damages or payment thereof. *Morgan v. Black*, 86 Ga. App. 775 (1) (72 SE2d 558); *Ricker v. Brancale*, 113 Ga. App. 447 (5) (148 SE2d 468). The insurer, who through paid counsel participated indirectly at least in the trial of the case, had the opportunity to invoke *Code Ann.* § 81A-149 and to determine by special questions to the jury what proportion of the verdict was allocable to property damage. Absent any evidence on this subject, it cannot be said as a matter of law that the plaintiff has sustained a double recovery on this item of damage.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*