## 57665. HALL v. HELMS.

DEEN, Chief Judge.

1. It has long been settled that the usual or ordinary form of loan receipt executed by an insured on payment of a loss to him by his insurer but occasioned by a third party tortfeasor, is valid, is not a subrogation agreement, and allows an action to proceed in the name of the insured against the tortfeasor, subject to control to the extent of its interest by the insurer, and further allows the insurer to recover to the extent of its payment out of any amount collected by the insured in such an action. *Service Fire Ins. Co. v. Powell,* 70 Ga. App. 213 (27 SE2d 896) (1943); *Clark v. American Cas. Co.,* 96 Ga. App. 328 (99 SE2d 897) (1957). The loan receipt does not amount to an assignment of the claim and does not require that the plaintiff's insurer be joined as a party plaintiff. *Southeast Transport Corp. v. Hogan Livestock Co.,* 133 Ga. App. 825 (212 SE2d 638) (1975). But it does constitute a valid loan from the insurer to its insured. Greenbriar Shopping Center v. Lorne Co., 310 FSupp. 303 (1969).

2. A loan receipt does not operate as a release or inure to the benefit of the tortfeasor or its insurer. The plaintiff is the owner of a chose in action, and may, if she decides it is to her benefit, accept payment from her insurer as a loan, agreeing to repay it from such recovery as she may achieve by the prosecution of a right of action against the tortfeasor. *McCann v. Dixie Lake &c. Co.,* 44

Ga. App. 700 (162 SE 869) (1931). On the other hand, where following payment under a loan receipt the insured sues the tortfeasor to recovery or settles with him, the insurer has a right to collect from the recovery the amount which has been advanced under the loan receipt. *Coleman v. State Farm Mut. &c. Ins. Co.,* 104 Ga. App. 328 (121 SE2d 833) (1961); *Kirkendohl v. State Farm Mut. &c. Ins. Co.,* 104 Ga. App. 834 (122 SE2d 922) (1961). The reason for this is not only a matter of contract as set out in the loan receipt, but would, if the plaintiff were allowed to collect twice, constitute a double recovery which the law does not permit. Code § 105-2001; *Southern R. Co. v. Jordan,* 129 Ga. 665 (2) (59 SE 802) (1907). "It is well settled that no person is entitled to recover full compensation more than once for the same injury. *Clark v. American Cas. Co.,* 96 Ga. App. 328, 334 (99 SE2d 897)." *Allstate Ins. Co. v. Austin,* 120 Ga. App. 430, 433 (170 SE2d 840) (1969).

3. Applying the foregoing law to the facts of this case, it appears that plaintiff Frances Helms and the defendant Hall had an automobile collision which was due to the fault of Hall. Helms made a demand on her collision insurer, Georgia Casualty & Surety Company, and, after some argument as to the extent of the property damage to the vehicle the amount of $1,711.14 was agreed to between them. Georgia Casualty paid the plaintiff $1,611.14 (after subtracting the $100 deductible) and took a loan receipt in the usual form. Georgia Casualty then contacted the defendant Hall's insurance carrier, Travelers Insurance Company, and furnished them with proof of Hall's negligence and the collision carrier's payment, whereupon Traveler's Insurance delivered to Georgia Casualty its check for $1,711.14. Georgia Casualty kept $1,611.14 in repayment of the loan receipt and sent the additional $100 on to Helms.

Thereafter Helms sued Hall, alleging that her actual property damages resulting from the collision were $4,250. A jury trial resulted in a verdict in her favor in the amount of $2,300 as total damages, and Hall has appealed, urging various enumerations of error all of which go to the proposition one way or another, that the trial court erred in failing to allow proof that the

defendant, through its insurer, Travelers Insurance Company, had in fact paid $1,711.14 in damages to the plaintiff and that allowance of a recovery of total damages without taking this payment into account would constitute a double recovery.

We agree with the position of the appellant. It is necessary, however, only to consider the last of the errors alleged, which is that the trial court erred in failing to grant the appellant's motion to reduce the verdict by $1,711.14, the amount previously paid by the appellant on the property damage claim. The motion should have been granted.

The judgment is accordingly affirmed on condition that plaintiff write off the amount of $1,711.14 from the jury verdict; otherwise, reversed.

*Judgment affirmed on condition. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 7, 1979.

*Freeman & Hawkins, H. Lane Young,* for appellant. *Berthold & Gordon, Richard A. Gordon,* for appellee.