**Michael O. BRADLEY, and Marie A. Bradley, husband and wife, Plaintiffs,**

v.

**AMERICAN SMELTING & REFINING COMPANY, Defendant.**

**No. C83–1449R.**

United States District Court, W.D. Washington, Seattle Division.

April 29, 1986.

Bill Tobin, Cooper & Tobin, Vashon, Wash., for plaintiffs.

Katherine Nelson, Ronald A. Roberts, Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn, Tacoma, Wash., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on plaintiffs' motion for a ruling on the measure of their damages and other relief and on defendant's motion for summary judgment. The court has carefully considered the memoranda and other materials submitted in support of and in opposition to each of these motions, together with the relevant file and records.

## I. FACTUAL BACKGROUND

This is an action for trepass and nuisance. Plaintiffs Michael O. Bradley and Marie A. Bradley are landowners on the southern end of Vashon Island in King County, Washington, about four miles north of defendant American Smelting and Refining Company's copper smelter at Ruston, Washington. Plaintiffs allege that defendant's smelter has emitted particles of arsenic and cadmium into the air for a number of years and that some such particles have been carried by the wind and deposited on plaintiff's property.

On October 3, 1983, plaintiff filed this action in King County Superior Court. On October 18, 1983, defendant removed this action to federal court based on diversity of citizenship. The parties filed cross motions for partial summary judgment on defendant's liability for trespass, and the court determined that certain issues raised by these motions were appropriate for certification to the Washington Supreme Court. For purposes of certification, the parties stipulated, *inter alia*, that particulate emissions from defendant's smelter are in fact carried by the wind and deposited on plaintiffs' land and that the particles so deposited are imperceptible to human senses. On these and other stipulated facts, the Washington Supreme Court held, *inter alia*, that emission of imperceptible airborne pollutants that settle on another person's land may constitute trespass as well as nuisance; that a trespass claim based on such emissions requires proof of actual damages; and that the limitations period for a trespass claim based on such emissions is three years. *Bradley v. American Smelting & Refining Co.*, 104 Wash.2d 677, 695, 709 P.2d 782, 792–93 (1985).

Now the parties have filed new cross motions that incorporate the Washington Supreme Court's decision on certification.

Plaintiffs move for a determination (1) that the measure of damages for defendant's alleged trespass is the diminution of value of plaintiffs' land if the injury to the land is permanent or the cost of restoration plus plaintiffs' loss of use if the injury is reparable; and (2) that the effect of the limitations period is only that plaintiffs are limited to recovery for injury from defendant's alleged trespass that has occurred within three years of the filing of this action. The court views plaintiffs' motion as supplementary to plaintiffs' original motion for partial summary judgment as to liability for trespass. Defendant moves for summary judgment as to both trespass and nuisance, primarily on the grounds that plaintiffs have incurred no cognizable injury. The court understands defendant's new motion to supplant defendant's previous motion. As defendant's new motion for summary judgment, if granted, would dispose of this action entirely, the court addresses defendant's motion first.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment as to both trespass and nuisance claims. A motion for summary judgment may be granted only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### A. Trespass

Defendant seeks summary judgment as to plaintiffs' trespass claim on the grounds that plaintiffs have incurred no actual damages. Even assuming that particles of arsenic and cadmium emitted from defendant's smelter have settled onto plaintiffs' land, defendant argues, these materials are innocuous in the tiny concentrations in which they actually have been found in plaintiff's soil.

 Under the Washington Supreme Court's decision on certification, one of the necessary elements of a trespass claim based on emission of imperceptible airborne pollutants is substantial damages to the *res* upon which the trespass occurs. *Bradley v. American Smelting & Refining Co.*, 104 Wash.2d 677, 691–92, 709 P.2d 782, 791 (1985).

> While at common law any trespass entitled a landowner to recover nominal or punitive damages for invasion of his property, such a rule is not appropriate under the circumstances before us. No useful purpose would be served by sanctioning actions in trespass by every landowner within a hundred miles of a manufacturing plant. Manufacturers would be harassed and the litigious few would cause the escalation of costs to the detriment of many.... [T]he plaintiff who cannot show that actual and substantial damages have been suffered should be subject to dismissal of his cause upon a motion for summary judgment.

*Id.* While the decision on certification does not discuss at length the nature of the damages a plaintiff must show, the decision quotes and expressly adopts the elements of "trespass by airborne pollutants" as set forth in *Borland v. Sanders Lead Co.*, 369 So.2d 523, 529 (Ala.1979), which specifies that a plaintiff must show substantial damages to the *res* upon which the trespass occurs. 104 Wash.2d at 690–92, 709 P.2d at 790–91. The rationale for the requirement of damages to the *res*, as opposed to other sorts of damages, involves the relationship between trespass and nuisance. The Washington Supreme Court has rejected any distinction between trespass and nuisance based on whether an invasion to land is tangible or intangible, direct or indirect. But the court has retained a distinction that turns on the nature of the interest with which a particular invasion interferes.

> "... If the intrusion interferes with the right to exclusive possession of property, the law of trespass applies. If the intrusion is to the interest in use and enjoyment to property, the law of nuisance applies...."

*Bradley*, 104 Wash.2d at 690, 709 P.2d at 790 (quoting *Borland* ). Injury to the *res* directly implicates the right to exclusive

possession protected by the law of trespass. *See Borland,* 369 So.2d at 530. Other sorts of injury ordinarily associated with airborne pollutants—such as discomfort and annoyance—may be more accurately characterized as interference with the use and enjoyment protected by the law of nuisance. *Id.* The requirement of damages to the *res* limits "trespass by airborne pollutants" to cases in which there has occurred an injury that actually interferes with the right to possession. While trespass is thus a more limited remedy than nuisance in the air pollution context, the standard for recovery in trespass is also lower than that in nuisance because a trespass claim does not require inquiry into the reasonableness of a defendant's activities. As this court reads the decision on certification, the Washington Supreme Court has determined that before one may recover for "trespass by airborne pollutants"—without regard to the reasonableness of the defendant's conduct—one must have suffered a truly trespassory injury.

■ The question in the present case is whether plaintiffs' property has been injured by arsenic or cadmium emitted by defendant's smelter. It is undisputed that any arsenic or cadmium deposited on plaintiffs' land is imperceptible to human senses and that the presence of these materials has had no demonstrable effect on plaintiffs' property. Affidavit of Michael O. Bradley at 3; Affidavit of Kathryn J. Nelson in Support of Motion for Summary Judgment ("Aff. Nelson"), Ex. D-3. Therefore, the injury to plaintiffs' property, if any, must consist of a hidden hazard.

Defendant maintains that the small amounts of arsenic and cadmium in the soil on plaintiffs' land do not constitute a hazard of any kind. Analysis of a soil sample taken from plaintiffs' garden shows that the sample contained 53 ppm arsenic, dry weight basis, and 1.7 ppm cadmium, dry weight basis. Affidavit of Shawn Moore. These amounts exceed normal background concentrations. *See* Affidavit of Gregory L. Glass at 3. However, defendant submits as evidence the opinions of two experts, Dr. Michael Treshow and Dr. David Eaton,

each of whom believe that the concentrations of arsenic and cadmium in plaintiffs' soil present no danger. Affidavit of Michael Treshow at 4; Aff. Nelson, Ex. A. *See also* Affidavit of Donald A. Robbins at 4–5. Plaintiffs fail to submit any evidence that an actual danger exists. According to Plaintiffs' Memorandum in Reply to Defendant's Motion to Strike at 3–4, the brochure "Cadmium and Arsenic in Your Garden?", an attachment to the Affidavit of Michael O. Bradley, is offered only to show plaintiffs' state of mind and not to prove the existence of a health hazard. The court concludes, therefore, that the concentrations of arsenic and cadmium in plaintiffs' soil are not harmful and do not in themselves constitute an injury to plaintiffs' property.

■ Plaintiffs assert that the value of their property has diminished as a result of the arsenic and cadmium in the soil. This assertion carries no weight because the record contains no evidence of any such diminishment. Moreover, this sort of evidence can serve only to quantify the magnitude of injury otherwise proven.

As the undisputed evidence indicates that any arsenic or cadmium in plaintiffs' soil has not damaged plaintiffs' property, the court concludes that plaintiffs are unable to establish a necessary element of their trespass claim and that, therefore, defendant's motion for summary judgment should be granted as to plaintiffs' trespass claim.

#### B. Nuisance

Defendant seeks summary judgment as to plaintiffs' nuisance claim on the grounds that defendant has not substantially interfered with plaintiffs' use and enjoyment of their property. Defendant maintains that there has been no physical interference and that any distress plaintiffs feel is unwarranted.

■ In order to recover for nuisance, a plaintiff must show substantial interference with the use and enjoyment of his land. *Highline School Dist. No. 401 v.*

*Port of Seattle,* 87 Wash.2d 6, 17–18 n.7, 548 P.2d 1085, 1092 n.7 (1976); W. Prosser, *Law of Torts* § 87 at 577–80 (4th ed. 1971). In the present case, plaintiffs concede that the arsenic and cadmium on their property is imperceptible tc human senses and do not contend that the presence of these materials has caused physical discomfort. Affidavit of Michael O. Bradley at 3; Aff. Nelson, Ex. B–1, C. Yet they assert that they are worried about possible health risks and that this worry interferes with their use and enjoyment of their property. As explained in the previous section of this Order, the evidence indicates that no actual health risk exists. The question, therefore, is whether mere anxiety is a substantial harm on which recovery for nuisance may be based.

■ As a general matter, mental distress is compensable in nuisance only under limited circumstances. First, distress is compensable in nuisance if manifested by physical symptoms. *See Miotke v. City of Spokane,* 101 Wash.2d 307, 332, 678 P.2d 803, 817 (1984). *See also Hunsley v. Girard,* 87 Wash.2d 424, 436, 553 P.2d 1096, 1103 (1976). Second, distress may be compensable if accompanied by an actual or threatened invasion of the plaintiff's person or security. *Murphy v. City of Tacoma,* 60 Wash.2d 603, 620–21, 374 P.2d 976, 987–88 (1962); *Wilson v. Key Tronic Corp.,* 40 Wash.App. 802, 809–10, 701 P.2d 518, 524 (1985).

■ In the present case, plaintiffs' distress is not compensable under either of these standards. It is undisputed that plaintiffs have experienced no ill health or physical discomfort. It is also clear that there has been no invasion or threatened invasion of plaintiffs' security because, as the court has determined, the evidence indicates no health risk.

As plaintiffs' distress is not compensable under either of the relevant standards, clearly such distress is not a harm on which recovery for nuisance may be based. Accordingly, the court concludes that defendant's motion for summary judgment should be granted as to plaintiffs' nuisance claim.

## III. PLAINTIFFS' MOTION FOR RULING ON MEASURE OF DAMAGES

As the court concludes that summary judgment in defendant's favor is appropriate as to trespass because plaintiffs have not incurred any injury that will support recovery in trespass, the court need not consider plaintiffs' cross motion insofar as plaintiffs seek partial summary judgment as to trespass on issues other than damages. Insofar as plaintiffs seek a ruling that they may establish damages for purposes of their trespass claim by evidence of diminution of value or cost of restoration, plaintiffs' motion must be denied in accordance with Section II–A of this Order.

IT IS NOW, THEREFORE, ORDERED as follows:

1. Defendant's motion for summary judgment is GRANTED. Plaintiffs' motion for partial summary judgment and motion for ruling on measure of damages is DENIED. This action is dismissed.

2. Plaintiffs' motion for discovery relief is STRICKEN. Defendant's motion to strike is DENIED as to the brochure "Cadmium and Arsenic in Your Garden?" because plaintiffs stipulate that the brochure is not submitted to prove the truth of what it asserts. Defendant's motion to strike is STRICKEN in all other respects.