**Lloyd G. TRAIL and Lucille M. Trail, husband and wife, Plaintiffs,**

**v.**

**CIVIL ENGINEER CORPS., U.S. NAVY, NAVAL FACILITIES ENGINEERING COMMAND, Defendant.**

**No. C92–5574B.**

United States District Court, W.D. Washington, at Tacoma.

Feb. 18, 1994.

Lloyd G. Trail, Lucille M. Trail, pro se.

Robert Maxwell Taylor, Asst. U.S. Atty., Seattle, WA, Gaylen G. Whatcott, Asst. U.S. Atty., Tacoma, WA, Joann J. Bordeaux, Gay Elizabeth Kang, U.S. Dept. of Justice Torts Branch, Civ. Div., Washington, DC, for defendant U.S.

### ORDER GRANTING SUMMARY JUDGMENT

BRYAN, District Judge.

THIS MATTER comes before the court on Defendant United States of America's Motion for Summary Judgment. The court has considered the documents filed in support of

and in opposition to the motion, has listened to oral arguments, and has reviewed the record herein.

Plaintiffs brought this action to recover damages for injuries caused by contamination of their property resulting from leakage and runoff from a waste disposal site at the Manchester Fuel Depot, a federal facility on the Kitsap Peninsula in Washington State. They rely on theories of private nuisance and negligence. The government argues that, even if plaintiffs' sampling and testing for contaminants were valid and reliable, plaintiffs have failed to show either injury or causation, both of which are essential elements of plaintiffs' claims. On that basis, the government moves for summary judgment.

Under Fed.R.Civ.P. 56(c), the entry of summary judgment is mandated, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1985). The party opposing summary judgment may not rest upon mere allegations or denials, but must present admissible evidence showing there is a genuine issue for trial. Fed. R.Civ.P. 56(e). Admissibility of proffered evidence is governed by the Federal Rules of Evidence.

■ Under the Federal Torts Claims Act, 28 U.S.C. § 1346(b), which governs this action against the United States, the court must look to the substantive law of the State of Washington to determine the essential elements of plaintiffs' nuisance and negligence claims. To show nuisance, plaintiffs must demonstrate both intent and substantial interference with use and enjoyment of the land. *Bradley v. American Smelting & Refining Co.*, 635 F.Supp. 1154, 1157–58 (W.D.Wash.1986); *Highline School Dist. No. 401 v. Port of Seattle*, 87 Wash.2d 6, 17–18 n. 7, 548 P.2d 1085 (1976). Elements of a negligence case include actual injury and that

defendant proximately caused that injury. *Hansen v. Friend*, 118 Wash.2d 476, 479, 824 P.2d 483 (1992).

■ Under either nuisance or negligence, injury is an essential element that plaintiffs must demonstrate to avoid summary judgment. In their pleadings, plaintiffs suggest that they have suffered three types of injury caused by contamination from leakage and runoff from the Manchester Fuel Depot: (1) reduced real property value, (2) increased health risk, and (3) anxiety or emotional distress.

Plaintiffs have not alleged or shown any physical injury to their real property. They allege that the value of their real property has declined because of contamination caused by defendant, but plaintiffs provide no evidence of economic loss. They merely state their belief that its value has declined.

Plaintiffs have not shown any increased health risks caused by contamination of their property. In an effort to show such health risks, plaintiffs presented test results for nearly 100 contaminants allegedly found on their property, of which sixteen were present in detectable amounts. Considering only the highest values [1] offered by plaintiffs for these sixteen contaminants, only one, the weighted sum of all CPAHs, was present in a concentration sufficient to trigger an evaluation as to whether it constituted a health risk. The government presented substantial scientific evidence and testimony by credible experts showing that any health risk from the CPAHs is negligible and far below any level that would raise concerns under existing law. (*See* Affidavit of Janet Knox, M.Sc., and supporting materials; Affidavit of David L. Eaton, Ph.D., DABT, and supporting materials; and certified letter to plaintiff from Teresa Michelsen, Ph.D., Toxics Cleanup Program, Washington Department of Ecology.)

■ Plaintiffs attempted to refute the government's evidence by providing statements by their own expert, David O. Murdock. Under Fed.R.Evid. 702, the subject of a scienti-

---

1. By considering only the highest values provided by plaintiffs for the contaminants, the court is considering the evidence in the light most favorable to plaintiffs. In fact, the reliability and accuracy of plaintiffs' data are suspect for several reasons set forth by defendants, including the wide variation in plaintiffs' results and the inconsistencies in plaintiffs' analytical methods.

fic expert's testimony must be "scientific knowledge":

The adjective "scientific" implies a grounding in the methods and procedures of science. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation. The term "applies to any body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds." ... [I]n order to qualify as "scientific knowledge," an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation—i.e., "good grounds," based on what is known. In short, the requirement that an expert's testimony pertain to "scientific knowledge" establishes a "standard of evidentiary reliability."

*Daubert v. Merrell Dow Pharmaceuticals Inc.,* — U.S. —, —, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469, 481 (1993) (citations omitted). While Murdock may be qualified as an expert on sampling and testing for hazardous substances, he has not shown any expert qualification regarding health effects associated with hazardous substances. Moreover, Murdock's statements regarding health effects are not supported by the scientific and technical evidence he has provided to the court; his evidence goes solely towards the concentrations of contaminants present on plaintiffs' property.

Therefore, although Murdock's statements and conclusions as to the contamination of plaintiffs' property may be admissible under the *Daubert* standard, his statements and conclusions as to the health effects of that contamination are subjective belief or unsupported speculation not validated by any known facts or inferences presented to the court and are thus unreliable and inadmissible under the *Daubert* standard. Consequently, plaintiffs' evidence fails to establish any health risk associated with the contamination levels alleged to be present on plaintiffs' property.

■ Plaintiffs' inability to demonstrate health risk probably does not relieve them of anxiety or emotional distress associated with their health concerns. However, to receive compensation for anxiety or emotional dis-

tress, plaintiffs must demonstrate the manifestation of physical symptoms or the actual or physical invasion of their person or security. *Bradley,* 635 F.Supp. at 1158; *Wilson v. Key Tronic Corp.,* 40 Wash.App. 802, 809–10, 701 P.2d 518 (1985). Because plaintiffs have demonstrated no ill health, physical discomfort, or health risk resulting from the alleged contamination, their anxiety or emotional distress is not a harm upon which recovery may be based. *See Bradley,* 635 F.Supp. at 1158.

Because plaintiffs have failed to demonstrate any injury, they have failed to make a showing sufficient to establish the existence of an element essential to their case, on which they bear the burden of proof at trial. Accordingly, the government's motion for summary judgment should be granted. Therefore, it is now

**ORDERED** that Defendant United States of America's Motion for Summary Judgment is **GRANTED** and this action is **DISMISSED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.