## A94A1228. POWERS et al. v. LATIMER.
### (450 SE2d 295)

JOHNSON, Judge.

Teresa Powers filed suit on her own behalf and on behalf of her children for property damage and personal injuries allegedly suffered as a result of Glenn Latimer's aircraft crashing into her home. The trial court granted Latimer's motion for summary judgment, and Powers appeals.

1. Powers contends the trial court erred in holding that her execution of a loan receipt and proof of loss statements to her insurer, and her insurer's subsequent settlement with and release of Latimer, bar her from maintaining an action against Latimer for property damage. We agree with Powers and reverse. Powers signed a loan receipt which states she received $70,113.35 from her homeowner's insurance carrier, Cotton States Mutual Insurance Company, which she must repay to the extent she recovers payment from anyone else in connection with the loss. The loan receipt further states Powers agrees that any suit would be prosecuted in her name under the exclusive direction and control of Cotton States. Powers also signed a proof of loss statement swearing to Cotton States that the whole loss and damage to her property totalled $70,113.35. Cotton States then settled the property claim with Latimer's insurer for $59,596.35 and executed a document in which Cotton States released Latimer and his insurer from all liability for claims arising from the accident. Powers did not sign the release. This suit followed.

"[T]he usual or ordinary form of loan receipt executed by an insured on payment of a loss to him by his insurer but occasioned by a third party tortfeasor, is valid, is not a subrogation agreement, and allows an action to proceed in the name of the insured against the tortfeasor, subject to control to the extent of its interest by the insurer, and further allows the insurer to recover to the extent of its payment out of any amount collected by the insured in such an action. The loan receipt does not amount to an assignment of the claim. . . ." (Citations omitted.) *Hall v. Helms*, 150 Ga. App. 257 (1) (257 SE2d 349) (1979). Moreover, "[a] loan receipt does not operate as a release or inure to the benefit of the tortfeasor or its insurer. The

plaintiff is the owner of a chose in action, and may, if she decides it is to her benefit, accept payment from her insurer as a loan, agreeing to repay it from such recovery as she may achieve by the prosecution of a right of action against the tortfeasor." (Citation omitted.) Id. at 257 (2).

In his brief, Latimer states he does not disagree with this court's statement in *Hall* that a loan receipt does not act as a general release or inure to the benefit of the tortfeasor. However, Latimer argues that the language contained in the loan receipt in the instant case distinguishes it from *Hall*. Because the *Hall* opinion does not contain the language of the loan receipt at issue in that case, we found it necessary to retrieve and take judicial notice of the original loan receipt from the *Hall* record, as we are authorized to do. Our examination of the loan receipt in *Hall* reveals that it is substantially the same as the one before us now. The language in both receipts provides that the insured agrees to prosecute an action in her own name under the exclusive control and direction of the insurer. As we stated in *Hall*, the mere fact that the loan receipt gives the insurer the right to direct and control any action against the tortfeasor does not mean the insured has lost her cause of action. Such language in a loan receipt serves only to provide the mechanism through which the insurance company can protect its own interest in any recovery.

Latimer also argues that the cases are distinguishable inasmuch as the *Hall* opinion made no mention of a "proof of loss" statement and that the proof of loss in the instant case indicates that the insured had been compensated for her loss by the insurer. Although the *Hall* opinion does not refer to the proof of loss statement, the *Hall* record does in fact contain a "proof of claim" statement which is similar to the proof of loss statement executed in the instant case and which also indicates the insured had been compensated. Thus, the cases are not distinguishable on that basis. Furthermore, we do not agree with Latimer's claim that Powers' proof of loss statement operates as a bar to her suit against the tortfeasor. The proof of loss statement is between Powers and her insurer and contains no language prohibiting Powers from pursuing an action against Latimer. Moreover, Powers, like the insured in *Hall*, may have had losses which exceeded the amount of coverage. The proof of loss statement may, at most, be considered an admission against Powers' interests with regard to the amount of damages. We note that in handling the presentation and consideration of such evidence, the danger arises that Latimer might improperly inject insurance into the case; however, there are any number of ways in which the trial court may handle the matter such that this does not occur. In any event, the proof of loss form may not work to bar Powers' action or justify the grant of summary judgment against her.

The release executed by Cotton States did not effectuate a bar against an action by Powers. The form was signed not by Powers, but by a representative for Cotton States. By signing the document, Cotton States has released Latimer as to any stake it has in Powers' claim. Because Powers did not assign her cause of action to Cotton States, her rights were not affected by Cotton States' release of Latimer. However, Powers is not entitled to a double recovery, so any judgment Powers receives against Latimer must be reduced by the amount of Cotton States' interest in the case. Id. at 258 (2). Accordingly, we hold that Powers' suit against Latimer for property damage is not barred and the trial court erred in granting summary judgment for Latimer on this issue. We also note that the documents do not affect Powers' right to bring a personal injury action, because such claims are not assignable. See *Govt. Employees Ins. Co. v. Hirsh*, 211 Ga. App. 374 (439 SE2d 59) (1993).

2. Powers contends the trial court erred in granting summary judgment to Latimer without addressing her claim for her own physical injuries. Powers claims her hands and knees were injured when she tripped over a fire hose upon returning to the house to retrieve clothing four or five hours after the crash. Negligence cannot create a cause of action unless it is the proximate cause of the injury complained of. *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 577 (436 SE2d 690) (1993). Where an intervening act is the proximate cause of the injury, the defendant has a valid defense as a matter of law. *Hackel v. Bartell*, 207 Ga. App. 563, 564 (1) (428 SE2d 584) (1993). Under the facts of this case, the aircraft crash was not the proximate cause of Powers' hand and knee injuries as a matter of law.

Powers also claims to have suffered respiratory problems as a result of being doused with aircraft fuel when the plane crashed. Although it is clear from her deposition that Powers sought no medical treatment for the alleged injury, the claim should have been submitted to the jury at least for consideration of nominal damages. The case is remanded to the trial court on that issue.

3. Powers argues the trial court erred in refusing to consider her claim for medical expenses incurred on her minor son Jason's behalf because she did not pray for such in her complaint. Powers contends the trial court should have deemed the pleadings amended to reflect this claim. We disagree.

It is true that the pleadings may be deemed amended to conform to the evidence presented. *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (2) (359 SE2d 178) (1987). However, our examination of the record reveals no evidence that Powers incurred any medical expenses as a result of Jason's medical care. In fact, Powers testified in her deposition that she did not pay any of Jason's medical expenses. Because no evidence was presented to support the claim, the complaint cannot

be deemed amended on that basis. And while Powers could have amended her complaint at any time before the entry of a pre-trial order, see OCGA § 9-11-15 (a), it does not appear that she ever sought to do so. Thus, at the time Latimer's motion for summary judgment was granted, Powers' claim for recovery of medical costs incurred by her for medical treatment of her son did not exist. See *Allen v. Bergman*, 201 Ga. App. 781, 783 (3) (b) (412 SE2d 549) (1991). The trial court did not err in refusing to consider this claim.

4. Powers contends the trial court erred in granting summary judgment for Latimer as to Powers' daughter Katrina's claim of emotional distress. Where, as here, a claim alleges negligent infliction of emotional harm, recovery is allowed only where there has been some impact on the plaintiff that results in a physical injury. *Richardson v. Hennly*, 209 Ga. App. 868, 872 (3) (434 SE2d 772) (1993). It is undisputed that Katrina, who was sitting in a car in the driveway when the accident occurred, suffered no physical injury. Nor was any physical contact with Katrina occasioned by the aircraft crash. Accordingly, the trial court did not err in granting summary judgment to Latimer on this issue.

*Judgment affirmed in part, reversed in part and case remanded. Beasley, P. J., concurs. Andrews, J., concurs in judgment only.*

DECIDED NOVEMBER 16, 1994.

*Webb & Lindsey, James H. Webb, Jr., Richard P. Lindsey,* for appellants.

*Greene, Buckley, Jones & McQueen, Frank C. Schenck,* for appellee.