Mona Elaine SATTERFIELD, Individually and as Mother and Natural Guardian of Joshua Heath Morris, a minor under the age of 18 years; Johnny William Satterfield; and William Wesley Morris

v.

J.M. HUBER CORPORATION.

Civ. No. 2:93–cv–186–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

May 11, 1995.

Steven Montalto, Jill Annette Barker, Friedman & Montalto, Atlanta, GA, for plaintiffs.

C. Christopher Hagy, Brian B. Pastor, Sutherland Asbill & Brennan, Atlanta, GA, for defendant.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the court on defendant's motion for summary judgment. Plaintiffs have responded in opposition to defendant's motion. The court considers the motion below.

*Factual Background*

Defendant Huber operates an oriented strand board ("OSB") plant in Commerce, Georgia. From 1982 through October, 1994, plaintiffs resided in a home located at 220 Rob Belue Road, Commerce, Georgia. Further, plaintiff Elaine Satterfield owns sole title to the residence located at 220 Rob Belue Road and to approximately seventy (70) acres of land on which her residence is located. Defendant's plant and plaintiffs' residence are located approximately 4,800 feet (over 9/10 of a mile) apart.

In this action, plaintiffs originally alleged two citizen claims under the federal Clean Air Act along with common law claims of trespass, nuisance, negligence and negligence per se. Plaintiffs' Clean Air Act claims were dismissed by this court's order of August 23, 1994. In their remaining common law claims, plaintiffs allege that defendant's plant has caused them personal injuries, damaged plaintiff Elaine Satterfield's real property and damaged their personal property. Plaintiffs seek compensatory damages, punitive damages and attorneys' fees.

Now, defendant has moved this court for a grant of summary judgment on plaintiffs' remaining claims. Defendant's primary argument is that plaintiffs have not shown sufficient causation as to their tort claims on behalf of defendant so as to meet their burden on summary judgment. Defendant also argues that plaintiffs' trespass and nuisance claims fail as a matter of law based on evidentiary shortcomings. Finally, defendant argues that plaintiffs' negligence and negligence per se claims fail on statute of limitations and evidentiary grounds. In response, plaintiff has argued that it has met its burden and that numerous issues of material fact remain in dispute. Therefore, plaintiffs argue, defendant's motion should be denied. The court considers defendant's motion below.

*Summary Judgment Standard*

Because defendant has now moved for summary judgment, the court considers the applicable standard of review. Summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Where supporting or opposing affidavits are used, the

> affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed.R.Civ.P. 56(e). Because the procedure deprives the parties of a trial on the issues, the court must be careful to ensure that only those claims for which there is no need for a factual determination as to any material fact are disposed of by summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In addition, a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988); *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir.1986), *reh'g denied,* 815 F.2d 66 (11th Cir.1987). To survive a motion for summary judgment, the non-moving party need only present evidence from which the trier of fact might return a verdict in his favor. *Samples,* 846 F.2d at 1330. However, Rule 56, "[b]y its very

terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–8, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). The materiality of facts is governed by the substantive law. *Id.* at 248, 106 S.Ct. at 2510. A dispute is genuine if the evidence is such that the factual issues "may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

Consideration of a summary judgment motion does not lessen the burden on the non-moving party: the non-moving party still bears the burden of coming forth with sufficient evidence on *each element* that must be proved. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990) (emphasis in original); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. "If on any part of the prima facie case there would be insufficient evidence to require submission of the case to the jury, [the court] must ... grant ... summary judgment for the defendant." *Earley*, 907 F.2d at 1080 (citations omitted). In *Earley*, the Eleventh Circuit further emphasized:

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be *insufficient*; there must be evidence on which the jury could reasonably find for the plaintiff.... Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.... In such circumstances, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.... If the evidence is *merely colorable*, or is *not significantly probative*, summary judgment may be granted.

*Id.* (emphasis in original) (citations omitted).

## LEGAL ANALYSIS

Defendant has moved the court for a grant of summary judgment on all of plaintiffs' remaining claims. Plaintiffs have now responded in opposition to the motion.

### Plaintiffs' Negligence Claims

 First, the court addresses defendant's causation arguments as they apply to plaintiffs' negligence claims. Defendant argues that plaintiffs have failed to meet their burden with respect to this element of their claims. In order to prove any toxic related tort, a plaintiff's *prima facie* case must include proof of (1) defendant's release of specific chemicals into the environment, (2) plaintiff's exposure to the specific chemicals, (3) plaintiff's injury, and (4) causation of plaintiff's injury or damages by the exposure. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 736 (3d Cir.1994); *see also Renaud v. Martin Marietta Corp.*, 972 F.2d 304, 306 (10th Cir.1992) (holding that "there must be a basis in plaintiffs' evidence that would support a reasonable juror's conclusion that defendants had caused plaintiffs' exposure to toxic contamination and that such exposure had caused, or contributed to, plaintiffs' injuries.") In this action, defendant argues that plaintiffs have failed to carry their burden as to the causation element of their *prima facie* case. After careful consideration and review of the record, the court agrees with defendant.

First, the court notes that plaintiffs have produced absolutely *no* testimony from experts, medical or otherwise, that would indicate to the court that any type of toxic substance that was allegedly released from defendant's plant caused personal injury to plaintiffs. Also, plaintiffs have produced no expert testimony that emissions from defendant's plant caused any property damage to their personal or real property. Beyond sheer lay speculation, there is no evidence whatsoever that emissions from defendant's plant caused damage to plaintiffs' property. Further, defendant's causation argument is basically ignored in plaintiffs' brief.

While plaintiffs have alleged various physical ailments from which they are suffering, *no* expert testimony or scientific evidence in the record supports the claim that these ailments were caused by defendant. Furthermore, defendant has identified numerous other sources of emissions that are potential

causes for plaintiffs' ailments. These sources include: (1) second-hand cigarette smoke from plaintiff Johnny Satterfield's smoking habit, (2) dust from the formerly unpaved road in front of plaintiffs' residence, and (3) five active chicken houses within sight of plaintiffs' residence. Also, there is a Gold-kist plant, a Toyota plant and a junkyard, all of which are located in close proximity of plaintiffs' residence.

Despite all of the potential sources of exposure identified by defendant, plaintiffs offer no expert testimony that their ailments are caused by emissions from defendant's plant. Furthermore, plaintiffs' doctors have testified that exposure to the secondary sources identified by defendant are also consistent with plaintiffs' ailments and all of plaintiffs' doctors have stated that they have no opinion regarding any causal connection between plaintiffs' complaints and defendant's plant. At this time, plaintiffs have offered no expert evidence that links their ailments to defendant's emissions or any evidence that rules out the possibility of causation by the other emission sources in close proximity of their residence. "When medical causation is at issue, plaintiffs must prove causation to a 'reasonable degree of medical certainty.'" *Joiner v. General Elec. Co.*, 864 F.Supp. 1310, 1319 (N.D.Ga.1994) (quoting *Wells v. Ortho Pharmaceutical Corp.*, 615 F.Supp. 262, 295 (N.D.Ga.1985), *aff'd, modified in part, and remanded*, 788 F.2d 741 (11th Cir.), *cert. denied*, 479 U.S. 950, 107 S.Ct. 437, 93 L.Ed.2d 386 (1986), and *Parrott v. Chatham County Hosp. Auth.*, 145 Ga.App. 113, 115, 243 S.E.2d 269 (1978)).

As to plaintiffs' alleged property damage, they have presented no medical expert testimony to support their claims that the death of some of their animals were caused by emissions from defendant's plant. Also, plaintiffs allege that emissions from defendant's plant resulted in damage to the finish of their automobiles. Again, however, there has been no expert testimony to show that the source of the alleged film on their vehicles came from defendant's plant. This is particularly distressing in light of the numerous other emission sources that defendant has identified in the area surrounding plaintiffs' property. There also has been no expert testimony or scientific evidence of actual, physical damage to plaintiff Elaine Satterfield's real property.

Here, the court finds that plaintiffs clearly fail to meet their burden as to the causation elements of their claims. Therefore, as to all of plaintiffs' claims for personal injury and property damage based on a theory of negligence, defendant's motion for summary judgment is hereby GRANTED.

*Plaintiffs' Negligence Per Se Claims*

In their motion, defendant argues that plaintiffs' negligence per se claims fail because these claims are based on violations of the Clean Air Act. Specifically, defendant argues that the federal and Georgia Clean Air Act does not provide for actions for private recovery and that the only action available to plaintiffs would be an action as a private attorney general. Defendant has further argued that any action brought by plaintiffs would be barred by the relevant statutes of limitation. Finally, defendant points out that the alleged violations were related to proposed emission limits in a draft permit which did not contain any legally enforceable standards. In their response, plaintiffs' have not countered these arguments. After careful review of the record, the court agrees with defendant.

■ In this case, the court specifically finds that the federal and Georgia Clean Air Acts do not provide for an action for private recovery. *See Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517, 1522 (9th Cir. 1987) (quoting *Chesapeake Bay Found. v. Bethlehem Steel Corp.*, 608 F.Supp. 440, 449 (D.Md.1985)). Therefore, defendant's motion for summary judgment as to plaintiffs' negligence per se claims is hereby GRANTED.

*Plaintiffs' Trespass Claims*

Defendant has moved the court for a grant of summary judgment as to plaintiffs' claims of trespass. Defendant argues that allegations of indirect invasions of property alone should not be actionable in trespass as a

matter of law.[1] Further, in jurisdictions that have allowed such actions, defendants argue that in order to prevail, a plaintiff must show actual and substantial damage. In response, plaintiffs appear to argue that there has been a direct invasion in this case and that there has been actual and substantial damage to plaintiffs' property. After careful consideration and review of the record, the court agrees with defendant.

■■■ Even in jurisdictions where indirect invasions such as dust, smoke and noise have been held actionable in trespass, the plaintiff must prove actual and substantial physical damage to their property. *See, e.g., Maddy v. Vulcan Materials Co.,* 737 F.Supp. 1528, 1539 (D.Kan.1990); *Borland v. Sanders Lead Co.,* 369 So.2d 523, 529 (Ala.1979) (distinguishing between trespass and nuisance by requiring substantial damages in trespass actions). In this action, plaintiffs have first failed to introduce any form of expert testimony or scientific evidence that any invasions on their property originate with defendant's plant. Beyond this failure, plaintiff's have failed to introduce credible testimony as to any damages suffered to their personal and real property. As discussed above, no expert testimony has been offered to support the sheer speculation of lay witnesses that defendant's plant is causing damage to plaintiffs' property.

■■■ Although plaintiff Elaine Satterfield alleges that her real property was damaged because she has been unable to sell it, this argument fails as a matter of law with respect to her trespass claim. Diminished property value without evidence of physical harm is not considered "actual or substantial damage" for trespass claims predicated on indirect invasions. *See, e.g., Mock v. Potlatch Corp.,* 786 F.Supp. 1545, 1551 (D.Idaho 1992) (noise claim; holding that mere allegation of diminished property value not sufficient to show actual and substantial damage); *Bradley v. American Smelting and Refining Co.,* 635 F.Supp. 1154, 1155 (W.D.Wash.1986) (airborne pollutants; holding that mere as-

sertion of diminished value carried no weight where there was no evidence of physical damage). Therefore, defendant's motion for summary judgment as to plaintiffs' trespass claims is hereby GRANTED.

*Plaintiffs' Nuisance Claims*

Finally, defendant has moved the court for a grant of summary judgment as to plaintiffs' nuisance claims. Defendant argues that plaintiff has introduced no admissible evidence as to the creation of a nuisance on plaintiffs' property and that the court should require scientific evidence or expert testimony in this case. In response, plaintiffs argue that they have introduced testimony that plaintiffs themselves have seen smoke from defendant's plant invade their property and that they have suffered damage as a result. After careful review, the court agrees with defendants.

■■ Again, as to this claim, the court finds that plaintiffs' have failed to meet their burden on summary judgment. Beyond the significant causation problems cited above, plaintiffs have again failed to introduce *any* form of expert testimony or scientific evidence that the source of the alleged noise, airborne pollutants and odor is emanating from defendant's plant. This is particularly relevant in light of the numerous alternative sources for such invasions in the immediate area surrounding plaintiffs' property. Here, the court finds that because of the considerable distance between defendant's plant and plaintiffs' residence, that their lay testimony is not "rationally based on the perception of the witness." Fed.R.Evid. 701. There are numerous admissions in the record by plaintiffs that they cannot see defendant's plant from their residence and that they are not substantially certain where dust, noise and odors around their residence are coming from. Therefore, without *any* expert testimony or scientific evidence, the court finds that plaintiffs' fail to meet their burden as to causation on behalf of defendant.

---

1. Defendant points out to the court that no Georgia court has directly addressed whether or not an action for trespass can be maintained solely for indirect invasions such as dust, odor or noise.

In their response, plaintiffs have not rebutted this argument, nor have they pointed the court to authority holding otherwise.

Further, the court finds that plaintiffs have failed to introduce sufficient evidence of damages in this case. Because of their problems with causation in relation to their physical injuries, plaintiffs cannot recover damages for physical injury. Also, without proof of physical injuries, plaintiffs cannot recover damages for their alleged mental injuries. *See, e.g., Powers v. Latimer,* 215 Ga.App. 245, 248, 450 S.E.2d 295 (1994).

Next, the court finds that plaintiff Elaine Satterfield has failed to meet her burden with respect to her claim of reduced value of her real property. The testimony of both Ms. Satterfield and of one of Ms. Satterfield's real estate agents, Ms. Cindy Karp, constitute the only evidence introduced by plaintiffs. Plaintiff Elaine Satterfield merely asserts that no one would be willing to buy her property because of the presence of defendant's plant. When questioned about this in her deposition, however, plaintiff testified that no one had ever informed her that they would not buy her property for this reason. Further, plaintiffs allege that Ms. Karp had testified that several prospective purchasers had expressed concern about the proximity of defendant's plant to the plaintiffs' property. In her deposition, however, Ms. Karp stated that no one she showed the property to expressed any concern about defendant's plant. She further stated that a few persons that she spoke with "on the telephone" expressed concerns about the presence of "corporations." Finally, there is strong evidence that the appraised value of plaintiffs' property has risen substantially in recent years. *See Defendant's Reply Exhibits 3 p. 20–22, 7 p. 10, and 8.*

Based on the above analysis, the court hereby finds that plaintiffs have failed to meet their burden with respect to their nuisance claims. Because the court finds that there are no material issues of fact as to these claims, defendant's motion for summary judgment as to these claims is hereby GRANTED.

*Conclusion*

In the above analysis, the court finds that there are no genuine issues as to the material facts of this case. Therefore, the court hereby GRANTS defendant's motion for summary judgment in its entirety [20–1].

IT IS SO ORDERED.